THE STATE OF LOUISIANA, ex rel. CAROLINE SIMMONS, *v.* THE JUDGE OF THE SECOND DISTRICT COURT OF NEW ORLEANS.

The decision in the case of the *State of Louisiana, ex rel. John Turpin*, against the same party reaffirmed.

ON an application for a *mandamus* to the Judge of the Second District Court of New Orleans. *E. Heistand*, for the relator.

MERRICK, C. J. This case is in most respects similar to the case of the *State on relation of John Turpin*, against the same party.

The complaint is, that the District Judge refused to order a family meeting to be convoked to consider the propriety of appointing a tutor to certain minors, without compelling the tutor to be appointed to give bond. The prayer is, that the District Judge show cause why he should not grant the order.

It is agreed that the answer of the District Judge in *Turpin's* case should be considered as an answer to this.

It is evident, from our conclusions in that case, that we cannot make the rule granted absolute. It would be substituting our opinion for that of the Judge of the first instance, and thus taking original jurisdiction of the case. The Constitution gives us no such power. Our jurisdiction is appellate only, and the District Court, as a court of original jurisdiction, must be vested with a legal discretion to render a judgment upon the trial of every case, according to the nature of the demand or the merits of the defence. All that this court can do in aid of its appellate jurisdiction, is to compel the District Court to pronounce upon the controversy.

The form and subject-matter of the decree is within the breast of the District Judge, subject only to be revised on appeal.

In this case, the District Judge refuses to make the particular decree to which the party deems himself entitled. But it does not appear that he has not rendered, or is not willing to render a decree, adverse to the pretensions of the party. There is then no denial of justice in the eye of the law.

It is, therefore, ordered, adjudged and decreed by the court, that the rule granted in this case be discharged, at the costs of the relator.