No. 665.

H. M. HYAMS vs. M. BAER.

The plea that the subject of this controversy was a Confederate money transaction, which was therefore void, can not be maintained. Confederate notes were not the consideration of the obligation. The consideration was land.

Defendant had the privilege of paying in Confederate money so long as there was any Confederate currency to pay with. But that privilege he lost by not taking advantage of it when it was in his power to do so.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Seay*, J. *Nutt & Leonard*, for plaintiff and appellant. *Duncan & Moncure*, for defendant and appellee.

MORGAN, J. Plaintiff sues on the following obligation:

"SHREVEPORT, June 30, 1864.

"I, Marx Baer, acknowledge myself to be indebted to H. M. Hyams in the sum of twelve thousand dollars, *being unpaid balance due to him by me for the purchase money of the tract of land in the parish of Bossier sold by said Hyams to me, before Thomas H. Pitts, recorder, this day.*

"I have the *privilege* of paying the above sum in the new currency of the Confederate government, about to be issued, by paying eight thousand dollars in satisfaction of the same (but not in bills of one hundred thereof).

"In the meantime, the sum of twelve thousand dollars is to carry interest at the rate of eight per cent per annum from the date until paid,

and to be calculated upon twelve thousand dollars, and not on eight thousand dollars, and said interest to be paid in new currency; said principal and interest demandable at any time by said Hyams or his agent or transferee, after one month from this date, and if not paid, to bear a lien and privilege on said land in same manner as if the same had been expressed in the deed of sale, and to have same force and effect as if mortgage thereon had been declared therein.

"(Signed) M. BAER."

The defendant pleads that the obligation is for Confederate money, and, therefore, null and void; alleges that he has the privilege of discharging the same by the delivery of eight thousand dollars in Confederate notes of the new issue; pleads payment and the prescription of five years.

The acknowledgment sued on is dated thirtieth June, 1864. Service of petition was accepted on the twenty-ninth of June, 1869, so that five years had not elapsed from the date of the acknowledgment of the debt to the filing of the suit. Even if the prescription relied upon would protect him, upon which we express no opinion, five years had not elapsed. The plea of prescription can not, therefore, be maintained. The plea of payment is not sustained. He had the privilege of paying in Confederate money so long as there was any Confederate currency to pay with. But that privilege he lost by not taking advantage of it when it was in his power to do so.

As to its being a Confederate money transaction, and, therefore, void. Hyams sold to Baer a certain property. The price was $42,979 50. Nothing is said as to what currency was to be used. The deed recited that the payment was made in cash. This, however, was not so. Twelve thousand dollars remained due. For this amount the acknowledgment now sued on was given.

In the case of Spyker vs. Hart, 22 An. 534, we said: "We gather from the evidence, as a whole, that, in 1864, Cummings and Mrs. Pauline Pickett sold to Hart a valuable tract of land near Shreveport, for the price of seventy-five thousand dollars, which sum is said by the act of sale to have been paid in cash. It appears, however, as a matter of fact, but sixty-one thousand dollars were paid, and this in Confederate notes. For the balance of the price of the land, fourteen thousand dollars, the obligation in suit was given. Confederate notes were undoubtedly the standard of value, but they were not the consideration of the obligation. The consideration was land."

The decision in that case controls this.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed, and that there be judgment in favor of the plaintiff, H. M. Hyams, and against the defend-

ant, M. Baer, for twelve thousand dollars with eight per cent interest per annum thereon from the thirtieth June, 1864, until paid, with vendor's lien and privilege upon the property described in the act of sale which is attached to and made part of plaintiff's petition. Defendant to pay costs in both courts.