BIRD'S HEIRS vs. BLACK.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF EAST BATON ROUGE.

To effect a removal from office of a tutor or under-tutor, for the causes authorized by law, suit must be instituted for that purpose by a curator *ad hoc*, appointed by the judge of probates.

This suit was instituted by Abraham, John and Thompson Bird, uncles of the minor children of William Bird, their deceased brother, to remove the defendant, Andrew Black, from his office of under-tutor to said minors, on account of neglect and want of proper attention to their interests.

The plaintiffs allege, that William Bird died in 1830, leaving two minor children, and a valuable sugar and cotton estate, appraised at twenty-five thousand dollars, which was his own separate property; that his widow, who is the daughter of the defendant, was confirmed in her office 'as natural tutrix of the minor children, and the defendant appointed under-tutor; and has remained in possession of the entire estate of her deceased husband ever since, without rendering any account to the said minors. They further show, that the widow has about a year since married a second time, and that the said defendant, from partiality to his daughter, suffered her and her husband to continue in possession, administering said estate without the advice of a

family meeting, or g ving security, or in any manner pro-
viding against the losses attending the administration of said
property.   They pray that the under-tutor be removed, and
another appointed in his place.

The defendant excepted to the right of the plaintiffs to
maintain this action, because they do not allege any cause
or right of action in themselves, or show that they have been·
appointed curators *ad hoc*, by the Court of Probates, of said
minors ; and because it is not shown, the Probate Court has
jurisdiction of the case, or that the defendant received his
appointment from it, because there is no legal cause of com-
plaint alleged ; and that no mismanagement on the part of
the tutrix is legal cause of complaint against the under-tutor.

In answer to the merits, the defendant pleaded a general
denial.

Upon proof of the allegations, the judge of probates
considered the grounds alleged by the plaintiffs as legal
cause of removal, and removed the defendant accordingly,
and he appealed.

*Brunot*, for the plaintiffs.

*Morgan* and *Elam, contra.*

*Martin, J.*, delivered the opinion of the court.

In this case, the brothers of William Bird, deceased,
alleging themselves the uncles of his two minors, instituted
a suit in the Court of Probates for the parish of East Baton
Rouge, against the defendant, as under-tutor of said minors,
praying his removal from office, on the ground of neglect of
duty.

The defendant pleaded an exception, averring that the
plaintiffs had shown no right in themselves to sue, or any
legal cause of complaint against him as under-tutor, &c. ;
and to the merits they pleaded the general issue.

The judge of probates, on hearing the parties, was of
opinion the grounds alleged by the plaintiffs, were sufficient
cause for the removal of the under-tutor.   He sustained the

EASTERN DIST.
June, 1836.

BIRD'S HEIRS
vs.
BLACK.

action, and rendered judgment, removing him from office with payment of costs. The defendant has appealed to this court.

The right of the petitioners to institute this suit being denied by the defendant, it does not appear to us, that there is any provision in our law which recognizes this right. It cannot exist in every body, and there is nothing to show that it was ever vested in the petitioners.

The Code of Practice is silent as to the causes and mode of removal of under-tutors, unless they are included in the provisions relating to tutors.

To effect a removal from office of a tutor or under-tutor, for the causes authorized by law, suit must be instituted for that purpose by a curator *ad hoc*, appointed by the judge of probates.

In regard to tutors, the Code appears to have given to any one the faculty of communicating to the judge of probates, information of any circumstances authorizing their removal from office ; but to effect this, a suit must be instituted for that purpose by a curator *ad hoc*, appointed by the judge of probates. A suit brought by a person without legal authority, would be nugatory and vexatious, because judgment rendered in favor of the defendant would not form a *res judicata*.

We are therefore of opinion, that the Court of Probates, in this case, erred in its judgment dismissing the defendant as under-tutor.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed ; and the judgment of this court is, that the plaintiffs' petition be dismissed, with costs in both courts.