WESTERN DIST.
Oct. 1838.

M'GUIRE
CURATOR, ETC.
vs.
ROSS, TUT'X. ETC

In this case the evidence being insufficient to decide it on the merits, it was remanded for a new trial.

</div>

<div style="text-align:right">
12L 575
45 1064
12 575
110 996
</div>

M'GUIRE, CURATOR AD HOC, ETC. vs. ROSS, TUTRIX, ETC.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF OUACHITA.

A curator *ad hoc* cannot be legally appointed to prosecute the removal of a tutor or tutrix from office, when there is an under tutor in office. He alone can be authorized to act.

The intervention of one of the minors after her emancipation by marriage, cannot cure the nullity resulting from the appointment of a curator *ad hoc* to remove the tutor, when there is an under tutor.

A curator *ad hoc* under a void appointment cannot require the tutor to render an account, or make opposition to it when rendered.

This suit was instituted by the appointment of R. F. M'Guire, curator *ad hoc*, by the judge of probates for the Parish of Ouachita, with directions to prosecute the removal

WESTERN DIST.
Oct. 1838.

M'GUIRE
CURATOR, ETC.
vs.
ROSS, TUT'X. ETC

from office, of Mrs. Elizabeth Ross, tutrix of her minor grand children, for malfeasance in office, and to require her to render an account of her administration.

The defendant excepted to the appointment of a curator ad hoc to prosecute her to removal from office, because if it became necessary to institute this proceeding, the under tutor was the proper person to act.

On the trial, this exception was overruled by the court, and the defendant appealed.

*M'Guire*, in *propriâ personâ*.

1. We contend that the judge who appointed the tutrix, alone has the power to compel her to account, *Code of Practice* 997; and to remove her for legal causes, *Ibid* 1013. That the article 1016 is directory to the judge and not imperative, and he is not bound to wait for the under tutor if he neglects his duty. The appointment of curator *ad hoc* was therefore correct. *Bird* vs. *Black*, 10 *La. Reports, page* 82.

2. That the under tutor has no right to approve or disapprove of the account rendered by a tutor, *Louisiana Code* 300 *to* 304. This becomes the duty of the court, *Code of Practice* 1001 *to* 1007, and the judge may appoint auditors or other persons to examine the account. In this case, he entrusted that duty to the curator *ad hoc*.

3. If the court should adjudge that the appointment of a curator *ad hoc* was wrong, this proceeding *must be sustained,* as during the pendency of the action one of the minors married, upon which the tutrix prayed an abatement of the suit as to her, when the husband came in and became a party to the suit, and adopted the pleadings of the curator *ad hoc,* and now joins with him as a party in this court.

*Garrett* for the defendant, insisted that no curator *ad hoc* could be appointed, when there was an under tutor in office. *Louisiana Code*, 301. *Code of Practice* 1013, 1016.

2. The case of Bird's Heirs *vs.* Black, 10 Louisiana Reports, 83, does not establish the general principle that a curator *ad hoc* must be appointed in every case. It merely refers to cases where there is no under tutor.

3. This court has decided that the under tutor was bound to prosecute the removal of the tutor, when ordered to do so by the judge, and that he could not appeal from the order. 11 *Louisiana Reports*, 39.

WESTERN DIST.

Oct. 1838.

M'GUIRE
CURATOR, ETC.
*vs.*
ROSS, TUT'X. ETC

*Bullard, J.*, delivered the opinion of the court.

The appellee, under an appointment from the Court of Probates as *curator ad hoc*, instituted the present proceedings to remove the defendant from the tutorship of her minor grand children, and to cause her to render an account. She set up as an exception that, a curator *ad hoc* could not be appointed in the case before the court, there being an under tutor legally appointed for the minors to wit, John S. Lewis, whose duty it is to act for said minors, whenever their interests are in opposition to those of the minor.

The court, in our opinion, erred in overruling this exception and proceeding further in the premises. The Code of Practice provides that the judge, when made acquainted with the facts rendering it proper to remove a tutor, if he thinks there is probable cause for removal, shall direct the under tutor to prosecute his removal; or if the minor has no under tutor he shall then appoint a curator *ad hoc* to commence the action. *Article* 1015, 1016.

> A curator *ad hoc* cannot be legally appointed to prosecute the removal of a tutor or tutrix from office when there is an under tutor in office. He alone can be authorized to act.

The minors, it is shown, had an under tutor, and consequently he alone could be authorized to act.

The appellee contends, that article 1018 authorizes any heir, creditor or other person concerned, to provoke the removal of curators of vacant estates and of absent heirs, testamentary executors, or other administrators of estates, and that tutors may well be embraced under the general description of administrators. We are of opinion that the special provision in relation to the removal of tutors is not modified by this latter general provision.

> The intervention of one of the minors after her emancipation by marriage, cannot cure the nullity resulting from the appointments of a curator *ad hoc* to remove the tutor, when there is an under tutor.
>
> A curator *ad hoc* under a void appointment cannot require the tutor to render an account, or make opposition to it when rendered.

The intervention of one of the minors after her emancipation by marriage pending the suit, cannot in our opinion cure this nullity. The appellee being without authority under a void appointment to prosecute the removal of the tutrix, could

WESTERN DIST.  not require her to render an account of her administration,
Oct. 1838.     nor make opposition to it when rendered.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed ; and it is further ordered, that the suit be dismissed with costs in both courts.