## No. 7657.

### SUCCESSION OF JENNIE A. WALKER.

If in a testate succession there be neither debts nor legacies to pay, nothing to execute, the appointment of the administrator is inoperative.

The mandate of an executor, and the powers which it gives are to be strictly construed.

The nearest male relative of a minor being bound to take charge of the tutorship under the penalty of incurring damages, is entitled in applying for the tutorship to take at once such conservatory measures as are necessary for the protection of the minor's property.

| | |
|---|---|
| 32 | 321 |
| 50 | 437 |
| 32 | 321 |
| 52 | 1190 |
| 52 | 1191 |
| 32 | 321 |
| 116 | 546 |
| 32 | 321 |
| 125 | 542 |

APPEAL from the Second District Court, parish of Orleans. *Tissot, J.*

---

E. Bermudez and J. Timony for petitioner, Ames:

First—A mother who contracts a second marriage without the advice of a family meeting, loses *ipso facto* the tutorship of her minor children, and is deprived of the power of appointing by will a tutor to such issue.

Second—Where there are no debts to pay, and no legacies to satisfy, the appoinment of a testamentary executor is inoperative.

Third—A forced heir is a creditor of the succession for the *légitime*

which remains after the payment of the debts, and as such has a right to require security from the executor.

J. E. Wallace and E. North Cullom, contra:
First—Provisional tutors are unknown to the law.

The opinion of the court was delivered by

MANNING, C. J. Jennie Ames was left a widow in 1875 with one child, then and now of tender years. She intermarried with Samuel Walker, and died in August 1879, there having been no child of the second marriage or none surviving. Her will was offered for probate by Dr. Walker, her surviving husband, who was appointed therein executor with seizin, and tutor to her child. By express direction of the testatrix he was dispensed with giving bond in either capacity. The inventory of her property amounts to about twenty-seven thousand five hundred dollars, and consists of notes, bonds, jewelry, plate, furniture, and cash except thirty-five hundred dollars of real estate.

William P. Ames, a paternal uncle of the child, opposed the issuing of letters testamentary to the executor as unnecessary, there being neither debts nor legacies to be paid ; and contested the validity of the mother's appointment of her second husband as tutor to the child of the first marriage, on the ground that she had not been retained as natural tutrix prior to the second marriage, and had thus lost the faculty of appointment. He claims the tutorship of right as the nearest male relative of the minor—prays meanwhile to be appointed tutor *ad hoc*—and sought and obtained a judicial sequestration of the movable effects pending the litigation.

The answer of Dr. Walker disputes the validity of Ames' appointment as tutor *ad hoc*—asserts the validity of his wife's appointment of himself as executor and tutor, and prays leave to qualify in both capacities without bond, and for the setting aside of the sequestration. Each attacks the other as unfit for either appointment, and nearly the whole testimony is directed to the establishment of the truth of the charges and counter-charges made in the pleadings. We shall confine ourselves to the examination of the legal questions presented.

Ames had capacity as paternal uncle and nearest male relative to contest the validity of the testamentary appointment of another as tutor without being designated or appointed tutor *ad hoc*. Such tutors are directed to be appointed in certain cases of partition, but there is no provision for the appointment of a representative of a minor with that designation under the circumstances of this case, nor need there be. Being an uncle and the nearest male relative, he in that capacity opposed the appointment of one who was seeking the tutorship, and claimed it for himself. The appointment as tutor *ad hoc* was superfluous.

The judgment recognised his claims and appointed him tutor, to be qualified according to law, and also held the appointment of Walker as testamentary executor to have been validly made, and so adjudged—the appointment of the latter as tutor by the will being annulled.

Ames appeals from the judgment *quoad* the recognition of Walker's executorship, and Walker, so far as we are advised by this record, did not appeal, nor has he prayed in this court any amendment of the judgment. But we are informed in the discussion at bar that Walker has obtained an appeal which is in another transcript, and his counsel therefore insist that the judgment upon the tutorship is not before us, and Ames' counsel agree with him as to that, but claim that that part of the judgment, not being examinable, must stand. We shall not review any part of the judgment, not complained of in this record. The will contains nothing but the institution of her child as her universal heir, and the appointment of her husband as executor and tutor, and it is conceded there are no debts. An administrator will not be appointed to an intestate succession when there are no debts. In Story's Suc. 3 Ann. 502 the court said, the succession had no debts, and we are at a loss to discover any one useful object to be attained by embarrassing the succession with the unnecessary administration. And it must be observed three of the heirs to that succession were minors.

Is the rule different when the succession is testate, and the executor claims the right to be qualified?

The duties and functions of an executor of a will are imported by his title. He is to *execute* the will, paying the debts of his testator and his legacies, and carrying into effect his testamentary dispositions. If there be no debts or legacies to pay—in a word, nothing to do—nothing to execute—it would seem he is without function, and his appointment is inoperative. This court so said in the plainest language—the appointment of an executor with seizin is not a testamentary disposition independent of any other.     *     *     His mandate, where it is not enlarged by the will, is limited to the execution of the legacies contained in the will, and to the payment of the debts, and the powers which it gives are to be strictly construed. There being no testamentary disposition to execute, and no debts to pay, the appointment of the executor has become inoperative. Succession of Dupuy, 4 Ann. 570.

The French law has been interpreted in the same way ;—le mandat conféré par le testateur à l'exécuteur testamentaire ne peut être obligatoire pour les héritiers qu'autant qu'il se trouve des légataires qui aient intérêt à son accomplissement et que là, où son accomplissement ne peut être d'aucune utilité aux légataires, là aussi les héritiers, dont il entrave le droit de propriété, peuvent le faire cesser à leur gré. 13 Merlin Rep. *verbo* Héritiers.

Les pouvoirs de l'exécuteur testamentaire expirent lorsqu'ils sont devenus sans utilité par la délivrance des legs aux légataires et qu'il n'y a plus d'instances pendantes dans lesquelles il ait intérêt à intervenir. Journal du Pal. 1860 p. 445.

In our case it is not a question when the powers of an executor cease, but shall they begin at all? We have seen in Dupuy's case it has been held that the appointment should not be operative when there are no debts to pay and no testamentary disposition to execute.

The counsel for the executor concede as much in their brief, and ask the questions, "who is authorized to take possession of the property?" the tutor *ad hoc*? The answers are ready. Not the tutor *ad hoc*, since there is not such person designated by law in such case to represent the minor, but the tutor, regularly appointed and qualified.

The difficulty in the mind of the judge of the lower court seems to have been in reconciling the rule, that a succession can only be accepted for a minor with benefit of inventory, with the pretension of the party applying for the tutorship in this case, and for the possession of the property in antagonism to a named executor. That difficulty vanishes when it is remembered that we are dealing with a succession admittedly without debts, and with a will that of itself shews there are no legacies. There is no need to repeat the well-settled principle that the law does not permit a succession to be accepted for a minor otherwise than with benefit of inventory, nor to say that the appointment of an executor must be operative when there are debts to pay and legacies to discharge, since in this case there are neither the one nor the other, but only a recognition by testament of the one heir who at law is entitled to the whole estate.

Objection was made to the right or power of Ames to provoke a judicial sequestration of the property. We are very clear that his power was ample. He is the nearest male relative, and bound under penalty of incurring damages to take charge of the tutorship, Civil Code, art. 286, and was therefore bound, in applying for the tutorship, to take at once any conservatory measures that were necessary for the protection of the minor's property. Therefore

It is ordered and decreed that the judgment of the lower court ratifying and confirming the appointment of Samuel Walker as testamentary executor of his late wife, and setting aside the judicial sequestration of the movable effects of her succession, is avoided and reversed, and it is now ordered that the application of Samuel Walker to be qualified as testamentary executor of Jennie A. Walker is denied and dismissed, and that the sequestration is maintained and continued in force until a qualification of a tutor to the minor heir to whom said effects may be lawfully delivered, Samuel Walker paying the costs of this appeal.