*1063 The opinion of the court was delivered by
MoEnery, J.
Bernard P. Milmo died in 1891, in the parish of Iberia. He left several minor children. John P. Baxter, under his will, was appointed tutor. The Rev. Father Bordy was appointed under-tutor. The plaintiff, James P. Welch, the uncle of the minors, filed a petition in the District Oourt, setting forth many reasons why the tutor should be removed, alleging that the under tutor, although requested to do so by him, refused to bring a suit for the removal of the tutor, and prayed that a curator ad hoc be appointed to bring the suit for the removal of the tutor. The plaintiff was appointed curator ad hoc and brought this suit.
The defendant tutor filed an exception to the action, alleging, first, “ that there is an under-tutor to the minors, named in plaintiff’s petition, and so long as there is such an under-tutor, he is the only person authorized under the law to bring such an action against the defendant. Second, that the under-tutor has never been ordered or directed in any manner by this honorable court to bring this suit. Third, that no one, not even a private person, has ever requested the said under-tutor to bring this suit and that the said under-tutor has never declined to bring this suit. Fourth, that none of the facts set out in the petition of the plaintiff, asking for his appointment as curator ad hoc for authority to bring this suit, have ever been brought to the knowledge of the under-tutor.”
The under-tutor intervened, alleging what is contained in the above exception, averring also that he is at all times ready and willing to perform his duties as under-tutor to the said minors and to obey all orders that the District Court may see fit to issue to him in the proper discharge of his duties; that he has been illegally displaced by the appointment of a curator ad hoc without a hearing, and on an ex parte order of the court. He denies the averments in the petition of plaintiff and prays for a dismissal of the suit.
Plaintiff excepted to the petition of intervention on the ground that the intervenor had no interest in the suit.
•Testimony was had on the exception, and it appears that the plaintiff spoke to the under-tutor about the facts alleged in his petition, but the under-tutor was satisfied with the tutor’s administration and affirmed that the funds of the minors were safely and securely deposited. No order of court had been rendered requiring him to proceed against the tutor.
*1064 The exception of defendant was maintained and the suit dismissed. The plaintiff appealed.
The only question presented is whether or not the judge had the authority to appoint a curator ad hoc to proceed against the tutor, when there was an under-tutor duly appointed.
The under-tutor must in all cases act for the minor, when the tutor’s and the minor’s interest conflict. C. C., Art. 275.
Therefore, in the old code it was provided, when the judge was made acquainted with facts which required the intervention of the under-tutor, that he should direct him, or if there should not be an under-tutor, a curator ad hoc, or curator ad lites to proceed contradictorily with the tutor. The curator ad hoc could only be appointed in the absence of an under-tutor, or subrogated tutor, as he was designated in the old code.
In 1830 the Legislature abolished the curator ad bona and ad litem and in all cases placed the estates of minors under tutors and under - tutors until the minors should attain majority or be emancipated.
The curator ad hoc was then the only person under our system who could be appointed to represent a minor unrepresented by an under-tutor. In McGuire, Curator, vs. Ross, Tutrix, 12 L. 577, this court said: “The Code of Practice provides that the judge when made acquainted with the facts, rendering it proper to remove a tutor, if he thinks there is probable cause for removal, shall direct the under tutor to prosecute his removal; or if the minor has no under-tutor, he shall then appoint a curator ad hoc to represent him.”
This case was decided after the abolishment of the curators ad bona and ad litem. The counsel for plaintiff contend with force and ability that the opinion in this case was predicated upon the article of the code which would read, after the passage of said act of 1830, that the judge could only appoint a curator ad hoc when there was no under-tutor, and that in the revision of the code in 1870 it contains no such mandatory provision as was contained in the code prior to its revision.
The article of the code as it now reads as revised is as follows: “ The judge when made acquainted with such fact, if he thinks there is probable cause for removal, shall direct the under-tutor of the minor, or he shall appoint a curator ad hoc to commence the action.” The only change in the article, and that under which the decree in case of McGuire, Curator, vs. Ross, Tutrix, was rendered, is, the *1065 omission of the words: “if said minor has no subrogated tutor.” This omission, we think, can make no difference in the interpretation of the article — as they were in the original article mere surplusage. In both articles it is provided that he shall direct the under-tutor to bring the action in the first instance. In the article in the Revised Oode of Practice it is evident that the judge is not at liberty to ignore the appointment of the under-tutor, since be can only be removed by a direct action in the same manner in which the tutor is removed. Oode Practice, Art. 1017; see Hawkins, 35 An. 591.
The facts alleged in the petition of plaintiff are sufficient to authorize the judge to direct an action against the tutor, to the extent at least of compelling him to file an account and to show what disposition has been made of the minors’ property.
It appears from the record that a part of the minors’ estate is represented by promissory notes drawing interest, and that they are on, from what the under-tutor says, safe deposit in the State of Wisconsin.
The tutor has no right to send- the minors’ property beyond the State, except for the collection of money due on obligations. He has no right or authority to invest these funds beyond the limits of the State, and out of the jurisdiction of the court having jurisdiction of the tutorship. This fact alone,stated in the testimony of the under-tutor, requires prompt investigation. The under-tutor should be directed at once to institute against the tutor the proper proceedings to insure the safety of the minors’ estate.
Judgment affirmed.