PROVOSTY, J.
Edward Conery, Jr., was interdicted in 1901, and one of his sons, E. J. Conery, appointed his curator, and another son, W. P. Conery, his undercurator. His wife, Mrs. Mary Duggan Conery, opposed the confirmation of E. J. Conery as curator, but her opposition was overruled. Lately she and the undercurator and the latter’s brother J. C. Conery and sister Mrs. Anna I-Iassinger — the latter with the assistance of her husband — joined in a petition to the respondent judge for authorization, under article 1016, Code Prac., to bring suit for the removal of the curator. This article 1016 provides as follows: “The judge, when made acquainted with such fact, if he thinks there is probable cause for removal, shall direct the undertutor of the minor, or shall appoint a curator ad hoc, to commence the action.” The respondent judge refused to give the authorization, but consented to authorize the wife to stand in judgment as coplaintiff ii| a suit for the removal. The suit was accordingly brought, all the said parties joining in it, but, on exception interposed by the curator, it was dismissed; the respondent judge holding (and correctly) that the undercurator cannot proceed herein for the removal of "the curator without authorization from the court, which has not been given (Dillard v. Kemp, 9 Rob. 113), and no other person can proceed at all with or without such authorization.” Citing Bird’s Heirs v. Black, 10 La. 84; McGuire v. Ross, 12 La. 575; Welch v. Baxter, 45 La. Ann. 1062, 13 South. 629. Thereupon the same petitioners, including the under-curator, again applied to the respondent for authorization to institute removal proceedings; and, the respondent again refusing, they have applied to this court for the writ of mandamus to compel him to grant the authorization.
In his return the respondent assigns as reasons for his refusal the following:
“Examining, then, the grounds urged against the confirmation of E. J. Conery as curator, I find them in every substantial particular the. same as those now set up as cause for his removal, and having reviewed the evidence taken upon the trial of that opposition, and having carefully weighed the same, I can arrive at no different conclusion now from that reached by me at the time, and apparently then acquiesced in by the opponent.”
Our learned Brother is in error when he says that the charges against the curator set forth in the petition presented to him are the same in every substantial particular as those urged by Mrs. Conery in her opposition to the confirmation of the curator. The petition contains additional charges, and of a very specific character, and such as, if substantiated, would render the removal of the curator a matter of course, and the allegations are supported by the affidavit of the undercurator. We have read carefully the evidence taken on the trial of the opposition of the wife, and have found that, even on the points on which it bears, it does not necessarily contradict the present affidavit, *998 •and that it does not touch at all upon the additional charges. Besides, to know of good grounds for the noneonfirmation of the curator is one thing, and to make legal proof of those grounds in a court of justice is quite .another thing. From the. fact, therefore, that the wife, fighting a legal battle, single-handed in 1901, was unable to prove the matters set forth in her opposition, it'does not follow that this proof cannot be made by her to-day, with the aid of the two brothers and of the sister and of the brother-in-law •of the curator, and possibly of discoveries subsequently made. If our learned Brother had felt a lack of confidence in the reliability of the affidavit, and had made that the ground of his refusal, we should have been chary to interfere. But he does not. His ground is that virtually the matter has already been passed on by him, and that he sees no reason for changing his opinion. In this he is mistaken. The affidavit contains additional charges, and non constat that all •of its charges will not now be supported by ample proof. The situation is, therefore, that the affidavit stands intact, making, for .•all the purposes of obtaining this authorization, full proof of its own recitals, and that these recitals set forth grounds of removal, as to the sufficiency of which there can be no two opinions. Under these circumstances, we think it did not lie as a matter of discretion to the judge to withhold the authorization. It was his duty to grant it. Article 1016 leaves a discretion as to the sufficiency of the.grounds set forth in the application for authorization, but it leaves none where the sufficiency of the grounds cannot be gainsaid, and the prima facie showing required by law is duly made.
(June 22, 1903.)
(Nov. 3, 1903.)
The writ of mandamus is therefore made peremptory.