(47 South. 604.)

No. 17,201.

Succession of DOWNING.

In re ALBRIGHT et al.

(July 1, 1908. Rehearing Denied Oct. 19, 1908.)

1. EXECUTORS AND ADMINISTRATORS (§ 20*)— APPLICATION FOR DATIVE EXECUTORSHIP— ORDER—REVOCATION.

An ex parte order for publication of an application for dative executorship was revocable by the court at any time without a hearing, if found to have been made improvidently.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 20.*]

2. EXECUTORS AND ADMINISTRATORS (§ 20*)— WILLS — DESIGNATION OF EXECUTOR — EFFECT.

Where an order for publication of an application for dative executorship was made on a showing that the will contained no appointment, a provision in the will, "I appoint my friend Geo. Montgomery as testator of my will," was sufficient to justify a revocation of such order as improvidently made.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 20.*]

3. EXECUTORS AND ADMINISTRATORS (§ 20*)— APPOINTMENT—REMEDY OF OBJECTORS.

The remedy of objectors to the confirmation of an appointee as executor is by appeal.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 20.*]

Application, in the succession of Richard H. Downing, by Jules Albright and another for certiorari, mandamus, and prohibition. Application denied.

James Clark Henriques, for relators. J. Zach Spearing, for respondent.

PROVOSTY, J. In this matter the relators, Jules Albright and John P. Brady, ask for a certiorari to review the proceedings in the matter of the succession of Richard H. Downing, and also for a prohibition to stay all further proceedings in said succession until the further orders of this court.

The facts are these: On the 1st of June, 1908, the relators filed a petition in the civil district court, parish of Orleans, asking for the probate of the will of Robert H. Downing, and that an inventory of the succession be made, and that the relators be appointed dative testamentary executors, and that their application for said appointment be published, and that in due course letters issue to them.

They alleged that the testator had omitted to appoint an executor in his will.

The case was assigned to division B of this court, whereof Judge Fred D. King is the presiding judge.

Judge King made orders for the inventory and for the publication of the application for dative executorship.

The will was duly probated on June 2, 1908.

On June 9, 1908, George Montgomery filed a petition in the same court, alleging that the will had been probated and that it appointed him testamentary executor, and asking that he be confirmed as such and that letters of executorship issue to him accordingly.

On the next day he filed in the same court a motion for a rule on Jules Albright and John P. Brady, the relators herein, to show cause on the 12th day of June, 1908, why the order theretofore made for the publication of their application to be appointed dative testamentary executors should not be set aside, as having been improvidently made, as the result of the incorrect allegation of their petition to the effect that the will in question had not appointed a testamentary executor.

The court granted the rule, and made it returnable on the 12th of June, 1908.

The application of the relators to be appointed dative executors had in the meantime been published.

The rule not having been served in time for the defendants in rule to appear on the 12th, the return day was postponed to the next rule day, the 19th of June, 1908.

On the 18th of June, 1908, Mr. Ducros, who had signed the petition as one of the attorneys for the relators, and who the learned respondent judge says in his return herein, had alone appeared in his court for the

relators, and who had conducted the proceedings for the relators, presented a motion asking that he be allowed to withdraw as counsel in the case. This motion reads as follows:

"On motion of J. C. Henriques, attorney for applicants for letters of dative testamentary executorship herein, and on suggesting· to the court that through error and mistake the petition herein filed was signed by L. A. Ducros, Esq., as of counsel, and on further suggesting that said L. A. Ducros, Esq., is not and never was associated with mover as counsel in this cause, it is by the court ordered that L. A. Ducros, Esq., be allowed to withdraw as counsel of record herein.

"N. O., June 18, 1908.          F. D. K."

The request contained in this motion was granted by the court.

On the next day, when the rule to show cause was called up for trial, Mr. Ducros appeared and stated to the court that Mr. Henriques, the attorney of the relators, was a member of the Legislature, and was in the city of Baton Rouge, attending to his duties as such and asked that the trial of the rule be continued until after the adjournment of the Legislature.

But Mr. Montgomery insisted upon an immediate disposition of the rule, and the learned respondent judge, having reached the conclusion that the ex parte order for the publication of the application of relators had been made by him in error, rescinded same and proceeded to confirm Mr. Montgomery as testamentary executor and to order letters of executorship to issue to him.

For disposing of this matter we need not go into the question of whether Mr. Ducros was or was not the attorney of the relators; that is to say, whether or not the relators were entitled to a continuance because of the absence of Mr. Henriques. We think that an order of the kind in question, merely for the publication of an application for dative executorship, made ·ex parte, conferring no rights, and concluding nothing, may be revoked by the court at any time without a hearing, if found to have been made improvidently. The rule might have been dispensed with altogether, and the fact of its having been taken did not deprive the judge of his right to revoke the improvident order.

Our Brother says that when he made the order his attention had not been attracted to the following provision of the will: "I appoint my friend Geo. Montgomery as testator of my will"—and that he is of the opinion that the word "testator" has evidently been used here by inadvertence for "executor," and there is no room for the appointment of a dative executor.

Without passing upon the question of whether the above-quoted clause of the will is sufficient for the appointment of an executor, we will say that it bears sufficiently the semblance of an attempt to do so to have fully justified our learned Brother in rescinding the order he had made. In so far as the relators complain of the confirmation of Mr. Montgomery as executor, their remedy is manifestly by appeal.

The application of the relators is now, therefore, rejected, at their cost.