(65 South. 556)

No. 20370.

Succession of DESINA.

(March 16, 1914. On Rehearing, June 8, 1914.)

*(Syllabus by the Court.)*

1. DESCENT AND DISTRIBUTION (§ 69*)—GIFTS MORTIS CAUSA—RIGHT TO DEMAND REDUCTION.

The grandfather of the minor, not being a forced heir of the minor's mother, is without right to demand a reduction of a donation mortis causa.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 208–212; Dec. Dig. § 69.*]

2. PLEADING (§ 228*)—EXCEPTIONS—TIME TO MAKE.

An exception of no cause of action will lie at any stage of the proceeding and may be decided by the court at any time, even after a preliminary default has been entered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

3. GUARDIAN AND WARD (§ 25*) — UNDER-TUTOR—ADVERSE INTEREST.

One of the duties resting upon the grandfather of a minor, who alleges that the undertutor has interests adverse to the minor, is to call the attention of the court to the alleged conflict of interests. It then becomes incumbent on the court administering the property of the minor to see the minor's rights are properly protected by the removal of the undertutor or the appointment of an undertutor ad hoc.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 78–98; Dec. Dig. § 25.*]

4. GUARDIAN AND WARD (§ 25*)—ORDER APPOINTING UNDERTUTOR AD HOC — ANNULMENT.

As the undertutor ad hoc appointed in the succession of Gladys Desina Maestri has performed the functions which he was appointed to perform, there is no reason for continuing him in office, and therefore no good in reviewing the question of whether his office was rightly vacated because there is no authority for reinstating him.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 78–98; Dec. Dig. § 25.*]

5. GUARDIAN AND WARD (§ 17*) — APPOINTMENT OF TUTOR—CONTROL OF PROPERTY.

The appointment of the father as tutor, limited to the right to control the person of the minor, can have no effect on the question of his right to administer the property, and therefore his limited authority cannot affect the property rights of the minor.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 66–70; Dec. Dig. § 17.*]

On Rehearing.

6. WILLS (§ 421*)—ANNULMENT—PROBATE.

The testament falls by the birth of legitimate children of the testator posterior to its date. Civ. Code, art. 1705. In such a case, the testament is stricken with nullity; and the probate thereof produces no legal effect.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 904–910; Dec. Dig. § 421.*]

7. WILLS (§ 221*)—PROBATE OF VOID WILL—REVOCATION.

Where such a void instrument was improvidently ordered to be registered and executed, the judge should have revoked the order on his own motion, when advised that the petition for the probate of the instrument admitted the birth of a legitimate child of the testatrix posterior to the date of the testament.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 539–541; Dec. Dig. § 221.*]

8. GUARDIAN AND WARD (§ 25*)—REMOVAL OF TUTOR—RIGHT OF ACTION.

A grandfather of a minor has no standing to sue for the exclusion or removal of the surviving father from the tutorship of his child. Such an action is maintainable only by the undertutor, where there is one, or by a curator ad hoc appointed by the judge.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 78–98; Dec. Dig. § 25.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Succession of Gladys Desina, deceased wife of Walter S. Maestri. From a judgment confirming Walter S. Maestri as tutor and appointing Cæsar Maestri as undertutor, and a judgment dismissing petition by Marco Desina and discharging John B. Sbisa as tutor ad hoc, Marco Desina and John B. Sbisa appeal. Reversed in part and remanded, and affirmed.

James Legendre and Edward Rightor, both of New Orleans, for appellant Desina. George Montgomery, of New Orleans, for appellant Sbisa. A. J. Rossi, of New Orleans, for appellees.

BREAUX, C. J. Appellants question the validity of a judgment whereby it is held that an exception of vagueness, want of capacity to bring suit, and of no cause of action was well taken and properly before the court for its consideration, and for that reason sustained. Appellants also complain of the judgment in that it holds that there is a conflict of interest between the undertutor and the minor; also in that it holds that it is the duty of the undertutor to provoke proceedings against the tutor and directs Maestri to file proceedings against the tutor of Gladys Maestri, Marco Desina; also in directing that a suit be instituted to determine whether or not the will of Gladys Desina, deceased wife of Walter Maestri, is null and void, and, if not null and void, that it contains donations in excess of the disposable portion; also in that it directs the undertutor to institute action for the removal of the tutor on the ground that he has failed to disclose to the court a conflict of interest be-

tween him and his ward. Appellants also object to the discharge of one of them (that is, B. Sbisa); also in directing that the executor and natural tutor opposes the account and in restricting the tutor in the exercise of his functions as natural tutor.

The facts are that Gladys Desina was a minor when she became the wife of Walter S. Maestri in 1912, and of this marriage was born a child on March 25, 1913. Two days later, the mother, Gladys Desina Maestri, departed this life. On the 21st of January, 1913, although not 16 years of age, she made her will bequeathing all her estate to her husband, Walter S. Maestri, and appointing her father-in-law, Natal Maestri, executor of the will.

The father-in-law, appointed executor, presented the will for probate to division B of the district court. It was accordingly probated and letters issued to him.

On April 11, 1913, Marco Desina, maternal grandfather of the child, Gladys Maestri, filed a petition in which he asked that the will be decreed null and void and the order admitting it to probate recalled for the reason that the testatrix had given birth to a child subsequent to the making of the will and for the further reason that she was not 16 years of age at the time that she made the will. He prayed in the alternative that the legacy in favor of Walter S. Maestri be reduced, should the court hold the will legal. He also asked that Walter S. Maestri, father of the child, be excluded from the tutorship owing to the conflict of interests existing between him and the child, and to his unfaithfulness in the duties he owed his child in not renouncing the legacy made in his favor and to the prejudice of the child's interest. He further prayed for the appointment of a tutor for the child.

Natal Maestri and Walter S. Maestri are plaintiffs in exceptions filed on the 6th of May, 1913, averring that the petition is vague and indefinite; that Marco Desina is without right to stand in judgment; and that his petition disclosed no right of action.

The judge of division B was ill on the day that the exception was called for trial, and the question arises at this point whether the exception was timely filed.

We are informed that the account of tutorship was rendered by Marco Desina as tutor of his daughter, Gladys Desina Maestri, who died March 31, 1913.

Marco Desina applied to the court for instructions as to which court his account as tutor of his deceased daughter should be rendered, division B or division C. It was decided that it should be filed in division B. This was done, and he asked that a tutor ad hoc be appointed to represent the minor, Gladys Maestri, in matter of the account, as the minor, as alleged by Marco Desina, was not represented by any qualified tutor, whereupon we are informed that the judge of division A, acting for the judge of division B, absent, appointed John B. Sbisa tutor ad hoc of the minor, Gladys Maestri.

Natal Maestri and Walter S. Maestri opposed the account.

On June 10, 1913, Natal Maestri, paternal grandfather of Gladys Maestri, executor before named, and Walter S. Maestri, the father, who had not been confirmed as natural tutor, by motion asked that the order appointing John B. Sbisa tutor ad hoc be set aside, it is stated, on the ground that the account of the tutor, rendered by Marco Desina, should have been rendered to the executor of the estate of Gladys Desina Maestri, and that the appointment of a tutor ad hoc was a mere supererogation.

Marco Desina filed an exception to this motion, urging that the judgment of court whereby a tutor ad hoc was appointed to Gladys Maestri could not be attacked collaterally, and that plaintiffs in rule were without right of action for the reason that

the will of Gladys Desina Maestri was null and void.

But it happens that Walter S. Maestri petitioned the judge of division B for letters of tutorship on November 11, 1913, and asked at the same time that an undertutor be appointed. The court granted letters of tutorship to Walter S. Maestri, and Cæsar Maestri was appointed undertutor. A few days thereafter, to wit, November 24, 1913, Marco Desina appeared in court and asked that the order confirming Walter S. Maestri as the tutor of Gladys Maestri and appointing Cæsar Maestri undertutor be recalled and set aside for the reason that his petition was passed on on April 21, 1913, without any notice to him and without a hearing. He claims that he was deprived of a right, as he was entitled to a hearing on the issues presented.

The judge of division B of the district court rendered judgment on November 28, 1913, dismissing the petition of Marco Desina, filed April 21, 1913, and maintaining the exceptions of want of capacity and of no right of action filed against the petition. And he further held that Marco Desina was without capacity to attack the will of Gladys Desina Maestri and without capacity to demand the reduction of the legacy made in favor of Walter S. Maestri, her husband. The reasons urged were that the said Marco Desina is not a forced heir of his deceased daughter. The judgment further directed Cæsar Maestri, undertutor, to bring suit for the purpose of annulling the will of Gladys Desina Maestri and the removal of Walter S. Maestri tutor of the minor, Gladys Maestri; and the judgment further discharges John Sbisa tutor ad hoc and restrains the tutor from exercising the powers of tutor except to the extent necessary to the care and custody of the minor.

Marco Desina and John B. Sbisa, as before stated, are appellants from the judgment of November 20, 1913, confirming Walter S. Maestri as tutor and appointing Cæsar Maestri undertutor; and they are also appellants from the judgment of December 15, 1913, which dismissed Marco Desina's petition, filed April 21, 1913, and discharged John B. Sbisa as tutor ad hoc.

1. Exception of Walter S. Maestri, the father of Gladys Maestri. Want of capacity of Marco Desina to stand in judgment, not being an heir of the late Gladys Maestri, wife of Walter S. Maestri.

2. That his petition discloses no cause of action; a default was entered on the petition of Marco Desina, the grandfather of Gladys Maestri.

3. Taking up the grounds of defense, raised by Marco Desina to this exception:

[2] He urged in the first place that the exception was filed after the default.

There is no force in this ground of exception urged by Marco Desina by reason of the fact that the exception was one that could be filed after the entry showing a default, ordered by the court, as it was an exception of no cause of action.

[1] This point being disposed of, the next point is taken up for decision, which is:

That Marco Desina, not being an heir of the late Gladys Desina Maestri, has no interest as an heir in the succession. Not being an heir, he cannot demand reduction. Civil Code, 1504.

Quoting from the syllabus, which is full on the question in the decision:

"The father, as forced heir, has no interest to annul donations made by his daughter to her husband, in a * * * larger share than he would have inherited if such donations had not been made." Succession of Desina, 123 La. 470, 49 South. 23.

This disposes of the point adversely to the plaintiff in exception.

[3] We pass to the next question for decision: The alleged nullity of the will. This has not been touched upon by the lower court in its decision. Moreover, that court held

that the duty of the grandfather of the minor and her tutor came to an end after the conditions of the succession had become judicially known to the court save to render a proper account to the court of his administration as tutor.

The judge has full authority in the premises; when there is a conflict of interests between the tutor and his ward, it is the court's duty to see that the undertutor attends properly to the exposed interests of the minor. He may even appoint a curator ad hoc, if necessary to the protection of the minor's interests, when there is no undertutor and, we will add, when the undertutor fails to perform and discharge all the duties incumbent upon an undertutor acting ex officio as tutor. Welch v. Baxter, 45 La. Ann. 1064, 13 South. 629.

Properly in the cited case, the undertutor expressed his entire willingness to perform his duty as undertutor to the minors and obey all orders of the court.

We have no reason to infer that it is otherwise in the present case; if it be otherwise, the court will doubtless take all necessary steps.

We agree with the district court: It is the duty of the undertutor to act when there is a conflict of interests. Alba v. Provident Savings Bank, 112 La. 551, 36 South. 587; Barbin v. Schwartzenberg, 110 La. 467, 34 South. 606, citing several decisions.

See, also, Carbajal Case, 111 La. 949, 36 South. 41.

It is not in the power, even if so inclined, of Natal Maestri, named executor in the will of the decedent, Gladys Desina Maestri, to enforce all of the provisions of the will, if there are illegal provisions. The undertutor has been ordered to bring suit in the succession to have the will annulled.

If it is not null, for reduction of the legacy, and he is further directed and ordered to institute suit against Walter S. Maestri

for his removal from the tutorship for the reason that he failed to inform the court of the conflict of interests between himself and his daughter.

In his desire to protect the interests of the minor, the court adds:

"The orders hereinbefore issued by the judge of division C, and the order issued by this court on April 21, 1913, ordering Thomas Connell, clerk of this court, to retain in his possession all the bonds and other securities belonging to and which he holds for account of said minor is to remain in full force until the further orders of this court."

But it is said by the learned counsel for the appellant that Marco Desina, grandfather of Gladys Maestri, claims nothing whatever personally; that he sues for the benefit of his minor grandchild; that her fortune may be dissipated and lost, and the purpose is to protect the minor from this harm.

There is no law giving this sanction. The close tie of grandfather does not confer upon him the right he claims. The relief sought will have to be obtained through the selected agent of the court, who can be held responsible in case he fails in properly protecting the minor's interests.

[4] The learned counsel for the appellant urged that the district court erred in annulling the order of court appointing John B. Sbisa tutor ad hoc to the minor, Gladys Maestri, in connection with the filing of the account of tutorship rendered by her grandfather, Marco Desina.

The special tutor was appointed and has served the purpose of the appointment that is at an end; he was discharged; there is no good reason to reinstate him. He acted until the undertutor was appointed. Moreover, he cannot be reinstated, for "there is no such person designated by law." Succession of Walker, 32 La. Ann. 324.

[5] The counsel for appellant state in argument that the court erred in granting an order directing letters of tutorship to issue to Walter S. Maestri and in appointing Cæsar

Maestri undertutor of the minor without notice to Marco Desina, who opposed the appointment, and without trial of his opposition.

The court limited the authority of Walter S. Maestri, tutor, to retain the possession of his child, to care for her, and permitted him to sue and be sued; in all other respects the order of appointment is to be held in abeyance until the suits brought are disposed of, and, until such time the tutor is not to take possession of any of the minor's property. He can only act in matters personal to the minor, not in matters relating to her property rights.

This limited order could be issued without trenching upon any of the demands made by the grandfather.

We are referred to Succession of Walker, 32 La. Ann. 324, as authority upon the nearest male relative.

In the cited case, the court recognized in the nearest male relative the right to sue for a writ of sequestration in the interest of the minors. The present case is different. It is proposed to supersede an undertutor by permitting the nearest male relative to raise the questions before stated. They must now be presented and decided.

The judgment of the 15th day of December, 1913, and the judgment of November 28, 1913, will be affirmed.

For reasons stated, it is ordered, adjudged, and decreed that the judgments appealed from are affirmed, at costs of appellants in both courts.

### On Rehearing.

LAND, J. On April 10, 1910, Natal Maestri presented a petition to the court below in which he represented that Gladys Desina, wife of Walter S. Maestri, had departed this life, leaving a last will and testament in notarial form, of date January 21, 1912 (1913), in which the petitioner was appointed executor, with seisin of the estate.

The petitioner further represented that the testatrix died on March 27, 1913, leaving a child named Gladys, born two days before her death. The testament annexed to the petition showed that the husband had been constituted as universal legatee, and his father appointed as executor.

The petitioner prayed that said last will and testament be ordered registered and executed; that the petitioner be confirmed as testamentary executor, and that letters issue to him as such on his taking the oath prescribed by law; and that an inventory of the estate be taken by a certain notary according to law. The orders were granted as prayed for, without notice to any representative of the minor heir.

On April 21, 1913, Marco Desina, the father of the decedent, petitioned the court to decree said testament to be null and void because of the subsequent birth of the child, Gladys Desina, and because the decedent, being at the time under 16 years of age, had no capacity to make a testament.

The petitioner further showed that there was a conflict of interest between the said Walter S. Maestri and his minor child; that the estate of the child will depend on the result of the proceedings; and that said Maestri had been unfaithful in the discharge of his duties towards his said child in not disclosing to the court the subsequent birth of said child, which made said will inoperative and destroyed the universal legacy of the said surviving husband and father.

Petitioner further showed that under such circumstances the said Maestri was not entitled to the tutorship of the minor, Gladys, and that the petitioner, as her grandfather, was willing to accept said trust and to furnish all necessary security.

Petitioner further showed that the estate of said minor consisted of mortgage bonds in the registry of the court of the value of about $30,000.

Petitioner prayed that said last will be decreed null and void, and that the decree of the court, admitting said will to probate and authorizing letters testamentary to issue, be vacated and recalled.

Petitioner further prayed that the said Maestri be excluded from the tutorship, and that a tutor be appointed to said minor; and that, if the said will should be decreed valid, the universal legacy be reduced to the disposable portion.

Petitioner finally prayed for citation to Walter S. Maestri and Natal Maestri, and for general relief and such further orders as might be necessary in the premises.

John Sbisa was appointed and qualified as tutor ad hoc to said minor.

It may be here stated that Marco Desina was the tutor of Gladys Desina, deceased wife of Walter S. Maestri.

Natal Maestri, as executor, and Walter S. Maestri, as natural tutor (not qualified), of the minor, Gladys Maestri, excepted to the petition of Marco Desina on the following grounds:

"That said petition is vague and indefinite. That the petitioner has no capacity to bring this suit, as he is no forced heir.
"That the petition discloses no right or cause of action in his favor."

Sundry proceedings were had, which culminated in the filing of a final account by Marco Desina as former tutor of the decedent contradictorily with a tutor ad hoc appointed to represent the minor. Natal Maestri, as executor, and Walter S. Maestri, as natural tutor not qualified, opposed the proceedings on the ground that they should have been conducted contradictorily with the executor of the estate.

It appears that on November 20, 1913, Walter S. Maestri was confirmed as natural tutor by judgment of the court, and duly qualified as such. On the same day, Cæsar Maestri was appointed and qualified as undertutor.

Marco Desina ruled Walter S. Maestri to show cause why said order and the letters issued thereunder should not be recalled and set aside.

Judgment was rendered on November 28, 1913, sustaining the exceptions against the suit of Marco Desina, and dismissing the same with costs, and ordering and instructing Cæsar Maestri, undertutor, to institute an action against the tutor for the purpose of having the will decreed null and void, or for the purpose of having the dispositions reduced to the disposable portion, and to institute such action as might be necessary for the removal of the tutor on the ground of his failure to disclose to the court the conflicting interest between himself and his minor child.

It was further ordered that the report of the tutor ad hoc be filed, and that he be discharged, and that the executor, natural tutor, and the undertutor, severally, oppose the account filed by Marco Desina.

It was further ordered that the powers and functions of the tutor be restricted to the care and custody of his minor child and to representing her in judicial proceedings, until the litigation terminated.

On the same day the undertutor filed a suit to have the last will and testament of the decedent decreed null and void on the same grounds set up in the petition of Marco Desina, and, in the alternative, to have the legacy to Walter S. Maestri reduced to two-thirds of the estate, and the minor recognized, by decree of the court.

Marco Desina and John Sbisa, tutor ad hoc, have appealed.

Article 1705 of the Civil Code reads as follows:

"The testament falls by the birth of legitimate children of the testator, posterior to its date."

In the case of Buelow, Dative Tutrix, v. Mandal et al., 28 La. Ann. 697, the court held that, in such a case, the testament be-

comes a void instrument, and its probate without legal effect.

In Succession of Senac, 2 Rob. 260, the court, speaking of a similar will, said:

"The will of Senac became absolutely void on the 10th of April, 1837, when the child was born, as much so as if it had been expressly annulled and revoked by the testator himself. 5 Toullier, No. 313. In such a case the testator, who has not made a new will, must be considered as having died intestate."

[6] In the instant case, the petition of the so-called executor alleged the birth of the child after the date of the testament, and therefore showed on its face the absolute nullity of the instrument and of the probate proceedings.

[7] We assume that the allegation of the subsequent birth of the child was not brought to the attention of the judge below, and that he signed the probate decree in ignorance of that fact. Having, through error and mistake, probated the void instrument as a will, it was the duty of the judge to have vacated the improvident decree, as soon as informed of the fact of the subsequent birth of the child. If the inferior court discover that an order given by it is erroneous, it may itself set it aside. 1 Hennen's Digest, p. 330, No. 3; In re Albright, 122 La. 275, 47 South. 604.

What the judge may do of his own motion, he may certainly do on the petition of a relative or friend of a minor, who is a ward of his court, and entitled to its protection. Hence we conclude that the judge, on the filing of the petition of Marco Desina, should have at once revoked and canceled his order of date April 11, 1913, directing that the last will and testament of the deceased be registered and executed, and confirming Natal Maestri as testamentary executor.

[8] The right of Marco Desina, the grandfather, to exclude or remove the father from the natural tutorship is a different question.

Article 305 of the Civil Code, as amended by Act No. 82 of 1880, reads as follows:

"No cause of exclusion or removal is applicable to the father, except the following: First, Unfaithfulness of his administration. Second. Notoriously bad conduct. Third. Abandonment of his children and failure to support and maintain them for more than one year."

The undertutor, if there be one, or a curator ad hoc, is the proper person to sue to remove the tutor. Code of Practice, 1015, 1016.

In the case of Birds' Heirs v. Black, 10 La. 82, the court held that uncles of minor children had no authority to sue to remove their undertutor, and said:

"In regard to tutors, the Code appears to have given to any one the faculty of communicating, to the judge of probates, information of any circumstances authorizing their removal from office; but, to effect this, a suit must be instituted for that purpose by a curator ad hoc, appointed by the judge of probates. A suit brought by a person without legal authority would be nugatory and vexatious, because judgment * * * would not form a res judicata."

In McGuire v. Ross, 12 La. 575, it was held that the action for the removal of the tutor must be brought by the undertutor, if there be one; and that the appointment of a curator ad hoc in that case was a nullity. This doctrine was reaffirmed in Welch v. Baxter, 45 La. Ann. 1062, 13 South. 629.

It follows that there is no warrant of law for the suit of Marco Desina, as far as the exclusion or removal of the natural tutor is concerned.

It is therefore ordered that the instrument of date January 21, 1913, purporting to be the last will and testament of the deceased, Mrs. Gladys Desina Maestri, be declared to be null and void, and that all the probate proceedings and orders in the court below relating to said instrument be annulled and canceled, and that the costs of this proceeding be paid by the succession; and it is further ordered that, as thus reversed in part and amended, the judgment below be affirmed.