(72 South. 1017)
No. 22168.
Succession of COSNER.
In re COSNER.
(Nov. 13, 1916.)

*(Syllabus by Editorial Staff.)*

MANDAMUS ☞28—CONTROLLING DISCRETION OF JUDGE.

Mandamus will not lie to control the discretion of a district judge in refusing to homolo-

[1]Ante, p. 146.

gate the proceedings of a family meeting, however plainly he may have erred.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 64; Dec. Dig. ☞28.]

Succession of Sarah Cosner. Application for writ of mandamus by George N. Cosner, Jr., Tutor. Application rejected.

Modisette & Adams, of Jennings, for relator.

PROVOSTY, J. A family meeting having recommended that the mortgage of the relator's minor children upon his property be made secondary in rank to another mortgage to be given by him for a debt to be contracted by him in borrowing money to pay off mortgages priming that of the minors upon the same property, and to defray the expenses of the minors, and to improve the property, the district judge refused to homologate the proceedings, holding that the law did not sanction the subordinating of a minor's mortgage in this manner, and that he was therefore without discretion in the matter.

Mandamus will not lie to control the discretion of a judge. For instance, to compel him to order the holding of a family meeting, State ex rel. v. Judge, 13 La. Ann. 483; State ex rel. v. Judge, 15 La. Ann. 113; or to allow a special mortgage to be substituted to a minor's general mortgage, State ex rel. v. Judge, 15 La. Ann. 164; or to homologate the proceedings of a family meeting, State ex rel. Ames v. Judge, cited in State ex rel. v. Judges, 34 La. Ann. 1114; State ex rel. v. Judge, 5 Rob. 161. (Instances might be multiplied.) No matter how plainly the judge may have erred. State ex rel. v. Judge, 110 La. 995, 35 South. 261. Whether our learned brother erred or not in the present instance, we have not stopped to consider. He has not said, and naturally would not say, that he was without discretion in this matter, but merely that his discretion was con-

trolled by what appeared to him to be plain law.

Application rejected at the cost of relator.