## SUCCESSION OF JOHN BOYD.

|    |     |
|----|-----|
| 12 | 611 |
| 52 | 373 |
| 12 | 611 |
| 111| 661 |

Orders rendered by the Clerk in the special cases authorized by law under the Constitution, have the same effect as they would have, if rendered by the Judge himself.

The executor, without seizin being given to him by the will, has full powers of administration, and unless the heirs furnish him with money to pay the debts and legacies, they cannot prevent him from taking possession of the property and leaving sufficient to be sold to settle up the estate.

The destitution of an executor cannot be demanded by way of opposition, but should be done, if there be cause, by direct action.

APPEAL from the District Court of Morehouse, *Richardson*, J.
*Mathews & McFee*, for plaintiff. *Todd & Brigham*, and *Ludeling*, for opponents and appellants.

MERRICK, C. J. "*John Boyd* died in Morehouse parish on the 28th day of April, 1857, leaving a large estate, consisting of lands, negroes and personal property. A will dated 25th October, 1850, was found, and it was probated on 30th of April."

"By this testament *Boyd* nominated *John V. Robertson* and *Thomas M. Jones*, his executors."

" On the 2d of May, *Robertson*, one of the executors named in the will, declined the appointment, ' to obviate objections that might be made to him personally.' Thereupon, *Jones* applied to be confirmed as sole executor of the last will of *Boyd*, and the *Clerk* made the order confirming him as sole executor."

" On the 4th of May, *Thomas M. Jones* filed his petition, alleging that he and *Robertson* had been nominated as executors by the last will of *Boyd*, that *he* had been confirmed as such, that by the terms of the will *seizin of the property was not given to the executors*, and that the *appointment of an administrator* was necessary; and he prayed to be appointed administrator of the estate.

" *Joseph Boyd* filed an opposition to the appointment of *Jones*, and afterwards filed an amended opposition, and prayed that the order made by the Clerk confirming *Jones* as executor, be rescinded, and asking to be appointed in his stead."

" *William Maconchy*, a creditor, also filed an opposition, and prayed to be appointed curator, &c., of the succession of *Boyd*."

There was judgment dismissing the oppositions of *Boyd* and *Maconchy*, and recognizing *Jones* as sole executor, with full seizin of all the property of *John Boyd*.

From this judgment *Boyd* and *Maconchy* have both appealed.

The executor, it should also be observed, filed an amended petition after the opposition was filed, and alleged that he had erred in his first petition in stating that he had not seizin, and that he had seizin by the will.

Under this state of facts, the opponents contend that the executor, *Jones*, has not the seizin of the estate, as he has judicially admitted, and as *Robertson* has declined to act, the trust which the testator intended to confer on both *Jones* and *Robertson*, has lapsed.

The Constitution has authorized the Legislature to confer the power upon the Clerks to make certain judicial orders.  Art. 76.

These orders, when rendered by the Clerk in the special cases authorized, have precisely the same effect as they would have, if rendered by the Judge himself under the same circumstances.  The order of the Clerk appointing *Jones*, is not, therefore, the less effective, because made by the Clerk.  Until annulled, it must be considered as conferring upon the executor the same power that the like order would do, if made by the Judge.  The Clerk may have erred in appointing one of several executors, sole executor, without requiring him to advertise his application and give bond as a dative testamentary executor, (upon which, however, we express no opinion,) but the appointment once made, will confer upon such executor the power to administer the estate, as fully as if he were a sole executor by the will.  Since the Act of 1837, we think the executor without seizin, has the quasi administration of the succession, as well as the power to apply to the courts for the sale of property to pay debts and legacies.  Revised Statutes, 2, 222 ; 79, sec. 14.  If the heirs and legatees are absent, he should take charge of the estate for their benefit, whether seizin has been expressly conferred by the will or not.  If seizin is not given him, or if the heirs furnish him with money to pay the debts and legacies, he cannot, as between themselves, prevent them from taking possession of the property; but his power of administration will enable him to col-

lect the funds and cause property sufficient to settle up the estate to be sold. C. C. 1661, 1665; Revised Statutes, p. 2; C. P. 133; Ibid, 111; C. C. 1663, 1666.

The application for letters of administration by *Jones* was, therefore, an unnecessary proceeding, as in his capacity of executor, in the absence of the heirs or their agents, he had power to administer the estate, and whether the heirs were present or absent, he had power to collect funds, sell property, pay debts, and in fine to liquidate the affairs of the estate.

It was irregular, by way of opposition, to demand the destitution of the executor. It should be done, if there be cause, by a direct action.

We are of the opinion, that the appointment of an administrator was wholly unnecessary, so long as the office of executor continued, and that the estate ought not to be charged with the costs of two administrations. As the executor commenced these irregular proceedings, we think they should be dismissed at his cost.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and that the application of *Thomas M. Jones*, for letters of administration upon the succession of *John Boyd*, deceased, and the opposition of *Joseph Boyd* and *William Maconchy*, be dismissed; and that the said *Thomas M. Jones*, pay the costs of both courts.