## No. 783.

### SUCCESSION OF LEONTINE GUILBEAU.

Where the administrator of a succession, within six days after his appointment, gave bond
and entered upon the discharge of the duties of his office, and so continued to the
knowledge of the creditors and heirs until the expiration of nearly two years, when,
upon the *ex parte* application of some of the heirs and the husband of the deceased, his
appointment was canceled on the ground "that he failed and neglected to give the
security or give the mortgage required by law, and that more than ten days had
elapsed since his appointment," and one of the said heirs prayed to be appointed
administrator—to which said administrator filed an opposition and prayed for the annul-
ling of the order canceling his appointment.

Held—That the exceptions to the introduction of evidence to prove the inability of the
administrator at the date of the bond, to furnish sureties in the parish of the succession,
and to establish the sufficiency of the sureties on the said bond, could not be sustained.

The administrator having already been removed by an *ex parte* proceeding, and being, by the
pleadings thus forced upon him, put in the position of the attacking instead of the
assailed party, and to avoid multiplicity of suits, if for no other reason, the court would
be inclined to permit him to do what he might have the right to do in a direct action for
his removal based on the ground of the alleged irregularity and insufficiency of his bond.

Besides, the object of the evidence offered and excepted to was to enable the judge *a quo* to
execute the law authorizing him to pass on the sufficiency of the security of persons
residing out of the parish, and to acquire such proof as he might deem necessary.

Where the administrator had been appointed, had qualified, furnished a bond, and caused
inventories to be made, if there is any informality or insufficiency in such acts or pro-
ceedings which would authorise a removal, this could be accomplished only in a direct
action by petition and citation.

The bond as furnished in the first instance, was not a nullity. There was, at least, a *prima
facie* compliance with the requirements of the law, which should have been regularly
attacked, if deemed insufficient.

APPEAL from the Parish Court, parish of Lafayette. *Moss, J. Ed.
Eug. Mouton*, for appellant. *De Blanc & Fournet*, for appellee.

HOWELL, J. In March, 1870, Theodore Devalcourt was appointed
administrator of the succession of Leontine Guilbeau, deceased wife of
Augustine Guidry, and within six days thereafter he gave bond and
entered upon the discharge of the duties of his office, and so continued
to the knowledge of the creditors and heirs, until in February, 1872,
when, upon the *ex parte* application of some of the heirs and the hus-
band, his appointment was canceled on the ground "that he failed
and neglected to furnish the security or give the mortgage required by
law, and that more than ten days had elapsed since his appointment,"
and one of the said heirs prayed to be appointed administratrix. To
this demand, which was published, Devalcourt filed an opposition,
and prayed for the annulling of the order canceling his oppointment,
on the ground that it was rendered without citation, notice or legal
process of any sort. In an amended petition he averred his inability
to give security in the parish of Lafayette, and prayed that the
bond already furnished by him be accepted.

From a judgment on these pleadings, sustaining the opposition, set-
ting aside the order annulling the appointment of Devalcourt and
accepting the bond previously furnished by him, this appeal is taken
by the party seeking the appointment.

The theory of the appellant is that the bond which was furnished by the appellee in April, 1870, was worthless because the securities thereon did not reside in the parish of Lafayette, where the succession was opened, and the judge did not authorize the taking of secureties elsewhere, and had not specially accepted the said bond. On the trial of the cause upon the pleadings made, the appellant objected to the introduction of evidence to prove the inability of the appellee, at the date of the bond, to furnish sureties in the parish of the succession, and to establish the sufficiency of the sureties on the said bond, upon the grounds, first, that it was too late, and could not be admitted to the prejudice of appellant's action in the premises, and secondly, that it could not be received at this stage of the proceedings, and the judge alone had by law the right to pass on the surety.

The objections that were made are not sufficient to exclude the evidence under the circumstances. Irregularities are patent in the proceedings, but the particular proceeding, in which these objections are raised, is not an action for the removal of the appellee, as was in the case of the succession of De Flechier, 1 An. 20, cited by the appellant, and therefore no action of her's in the premises could be prejudiced by the evidence offered. The appellee had already been removed in an *ex parte* proceeding, and he was, by the pleadings thus forced on him, put in the position of the attacking instead of the assailed party, and to avoid multiplicity of suits, if for no other reason, we would be inclined to permit him to do what he might have the right to do in a direct action for his removal, based on the ground of the alleged irregularity and insufficiency of his bond. It may be further said that the law (Revised Civil Code 3042) which says the judge alone shall pass on the sufficiency of the surety tendered of persons residing out of the parish, also authorizes him to require such proof as he may deem necessary. We conclude, as said above, that the judge did not err in overruling the objections as set up.

Nor do we find such error in the judgment appealed from as to require its reversal. The order removing the appellee, Devalcourt, was a nullity, having been made without citation, notice or appearance. He had been appointed, had qualified, furnished a bond and caused inventories to be made, and if there was informality or insufficiency in such acts or proceedings, which would authorize a removal, this could be accomplished only in a direct action by petition and citation. C. P. 1017, 1018. The record does not enable us to say that the judge improperly accepted the bond, of the sufficiency of which he seems to be satisfied. We do not regard the bond as furnished in the first instance, as a nullity. There was, at least, a *prima facie* compliance with the requirements of the law, which should have been regularly attacked, if deemed insufficient.

Judgment affirmed.