## No. 6162.

### SUCCESSION OF MEREDITH CALHOUN.

The administrator excepted to the rule on him to show cause why he should not be dismissed for not filing a full account as ordered by the court, and averred that the action for removal must be instituted by petition and citation as required by law. The court below overruled the exception and dismissed the administrator on the second day after the rule was taken.

This was irregular, and in violation of articles 1017 and 1018 of the Code of Practice. The account of the administrator, if not full and accurate, should have been opposed and overruled in the usual manner. If there was a cause for the removal of the administrator, it should have been effected in the form prescribed by law.

APPEAL from the Parish Court, parish of Grant. *Stokes, J. W. F. Blackman* and *A. Cazabat,* for the administrator and appellant. *T. C. Manning,* for Albert Baldwin, a recognized creditor of the succession and appellee.

HOWELL, J. Albert Baldwin, alleging himself a judgment creditor of this succession, took a rule on William S. Calhoun, administrator, to file an account of his administration, and in default thereof show cause why he should not be removed. The administrator obtained a delay in which to file his account, at the expiration of which he filed an account, which

he asked to be advertised and homologated. Two days thereafter the said creditor filed another rule averring that the administrator had not filed an account of his gestion as ordered, but a tableau of debts, and praying that he be now dismissed for not complying with the order of court, and that mover be appointed administrator of said succession.

The administrator excepted to the rule as irregular, and averred that the action for removal must be instituted by petition and citation as required by law. The court overruled the exception, and dismissed the administrator on the second day after the rule was taken. This was irregular, and in violation of articles 1017 and 1018 of the Code of Practice, which require that the removal of curators and administrators should be by petition and citation, and the proceedings conducted in the usual form. 9 R. 350; 21 An. 561; 22 An. 94.

The account, if not full and accurate, should have been opposed and corrected in the usual manner. If there was cause for the removal of the administrator, it should have been effected in the manner prescribed by law.

All the proceedings subsequent to this rule were irregular.

It is therefore ordered that the judgment appealed from, dismissing W. S. Calhoun from the administratorship of this succession, be reversed, and all the proceedings thereafter annulled, with costs.