## No. 1153.

### JANIE S. RICHARDSON ET AL. VS. ROBERT RICHARDSON.

| 38 | .639 |
| 48 | 593 |
| 38 | 639 |
| 115 | 370 |
| 38 | 639 |
| 116 | 816 |

In case of conflict between provisions of the Civil Code and those of the Code of Practice on questions of practice the provisions of the latter Code must prevail.

Under art 958, Code of Practice, the office or function of curator *ad litem* has no longer any existence in law.

When laws *in pari materia* are to be interpreted, that construction is to be preferred which will give effect to all their provisions.

Hence art. 958, C. P., in abolishing the function of *curator ad litem*, does not abrogate any of the rights vested in emancipated minors by sec. 2, chapter 2 of the Civil Code on the subject of emancipation.

Their right to appear in courts in order to enforce such rights, without assistance, is therefore maintained.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

---

*Potts & Hudson* for Plaintiffs and Appellees.

*T. O. Benton* for Defendant.

*C. J. & J. S. Boatner* for Intervenor and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. The cause of action and the relief sought in this suit are

identical with the matters at issue in the case of Robert G. Richardson. et al vs. Robert Richardson just decided, with the exception of a question of practice which distinguishes the one from the other to that extent only.

In this case the plaintiffs, minors, above the age of fifteen and unmarried, have been emancipated by the notarial declaration of the defendant, their father, under the provisions of art. 366 of the Civil Code, and thus are joined and assisted in their suit by a curator *ad litem*, specially appointed and qualified for the purposes of this controversy.

Intervenor excepts to their capacity on the ground that the office or function of curator *ad litem* has been abolished by art. 958 of the Code of Practice.

Plaintiffs resist the right of an intervenor to urge exceptions or other matters of pleading which are personal to the defendant.

We are rather inclined to adopt these views, and we entertain very serious doubts of the right of intervenor herein to set up this special defense, but pretermitting a discussion of that question we have concluded to consider the plea.

Article 375 of the Civil Code, which is incorporated in chapter the second under the title of minors and forms part of the second section, which treats of the "emancipation conferring the power of administration," reads as follows :

"The minor who is emancipated otherwise than by marriage cannot appear in courts of justice without the assistance of a curator *ad litem*, who is to be appointed for him specially by the judge for that purpose."

Article 958 of the Code of Practice provides as follows :

"There shall hereafter be no curator *ad bona* or curator *ad litem* appointed in any case ; the persons and estates of minors shall in all cases be placed under the power of tutors and under tutors ; and the powers, duties and responsibilities of tutors and under tutors, as well as their liability to be removed from office, shall continue until the minor or minors attain the age of majority, or are otherwise emancipated."

Intervenor argues, and it must be conceded, that in questions of practice, in case of conflict between the Civil Code and the Code of Practice, the provisions of the latter Code must prevail.

It follows that the office of curator *ad litem* has ceased to exist under our laws.

But from those premises, intervenor's counsel conclude that minors

emancipated otherwise than by marriage are stripped of the capacity to appear at all in their own rights in any judicial proceedings.

We cannot sanction their conclusion.

As a guide to courts in interpreting laws of a doubtful meaning, the Civil Code, art. 17, contains the following provision:

"Laws *in pari materia*, or upon the same subject matter, must be construed together with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another."

And from that proposition, jurisprudence has extracted the following corrolary which embodies a judicious rule of construction.

"When laws *in pari materia* are to be interpreted, that construction is to be preferred which will give effect to all their provisions." Succession of Hebert, 5 Ann. 122; Desban vs. Pickett, 16 Ann. 350; Staes vs. Gastinel, 21 Ann. 407.

The evident and clear intention of the law-maker in enacting the various articles from 366 to 378 of the Civil Code, forming sec. 2 of chapter 2, treating of the emancipation conferring the power of administration, was to relieve that class of persons of certain disabilities which otherwise attach to minors. Hence art. 370 reads:

"The minor who is emancipated has the full administration of his estate, and may pass all acts which are confined to such administration, grant leases, receive his revenues and moneys which may be due to him and give receipts for the same."

To be effective, the right to administer an estate, to receive revenues, etc., must include the right to judicially demand either the estate which may be withheld or the revenues which are due and payment of which is refused or neglected. Of what avail would be the right to receive revenues, if the same could be arbitrarily retained by the debtor?

The question is practically answered by art. 375, which confers the right to the minor to appear in courts; but the article imposes a condition in certain cases, and that is the assistance of a curator *ad litem*.

Now, in abolishing that function by the act which is now embodied in art. 958, C. P., did the law maker intend to strip that class of emancipated minors of the right of appearing in courts altogether?

To have done so would carry with it the denial of almost all the rights conferred to them by the provisions of the Civil Code above referred to, and thus the law giver would leave them at the mercy of those who would choose to invade their rights, as no other means are provided for to empower them to appear in courts.

Such a construction is repulsed by the rules of interpretation which we have hereinabove quoted.

But in terms, the art. 958 limits the disability of minors to the time of their emancipation.

Intervenor's counsel are in error in contending that the emancipation referred to is that provided for in the Code for minors who are over the age of eighteen years and are by that emancipation relieved of all their disabilities.

In our opinion, the article refers to all minors who are thus or otherwise emancipated.

Hence we conclude that the class of emancipated minors with which we are now dealing, have the legal power to appear in courts in their own rights for the purpose of enforcing the rights which are vested in them by art. 375 of the Civil Code and other articles on the same subject matter.

We, therefore, hold that the plaintiffs in this case have the capacity to stand in judgment in this suit, and that their pleadings are not vitiated by the unnecessary joinder of a curator *ad litem*.

All other questions which are presented in the case are fully covered by our opinion in the case of R. G. Richardson et al vs. R. Richardson, No. 1152, hereinabove referred to, and hence these plaintiffs are entitled to the same relief which was granted in the other case.

Judgment affirmed.