LAND, J.
In ‘the year 1903, Elair Landry was appointed and qualified as administrator of the successions of Theogene Bertrand and his wife, Eulalie Bertrand. The inventory, including a policy of insurance in favor of Mrs. Bertrand, amounted to $7,-664.50.
In 1904, Elair Landry was appointed and qualified as tutor, without bond, of the minor' *860 children of said decedents, who owned no property except their residuary interests in the successions of their parents.
Elair Landry filed no account as administrator until October, 1908. The account then filed was opposed by the heirs on various grounds, and the opponents also prayed for the-removal of the administrator for failure to render annual accounts, for having purchased property belonging to the succession, and for having omitted to account for property of the succession, which had been appropriated to his own use.
After due hearing the court rendered judgment removing the administrator, and amending his account in a number of particulars. The opponents have appealed, and the administrator has answered, praying that the judgment below be reversed as to his dismissal from office and be amended so as to homologate the account as rendered.
We will consider the case as presented in the brief of the opponent’s counsel.
1. The administrator is properly credited with the amount lost through the failure of a local bank in which the funds of the succession had been deposited. When the deposit was made, the bank was reputed solvent, and did not fail until nearly two years later.
2. The administrator paid the attorney for the succession $150. The court allowed $100. It appears that the attorney for several years rendered the usual services of counsel in probate matters, and also brought suit against the insurance company to recover $5,000 on the policy in favor of Mrs. Bertrand. The suit is now pending in the United States Circuit Court for the Western District of Louisiana. The suit was instituted more than a year after the death of Mrs. Bertrand, and opponents contend that the demand was then prescribed through the laches of said attorney. It further appears that the same attorney left the parish of Calcasieu, carrying with him the policy of insurance and all vouchers appertaining to the administration of the succession, and has persistently refused to surrender the same to the administrator. The payment to the attorney was made without an order of court and at the risk of administrator. The services rendered by the attorney as a whole were not beneficial to- the estate. The item of $150 should have been rejected.
3. The objection to the fee of $200 paid the present counsel for the administrator is without merit. The amount is sustained by the evidence, and seems to be reasonable considering the services rendered and to be rendered.
4. The amount of $1,082.50 was allowed to the administrator for the support of the minors for two years. Such a claim appertains to the tutorship, and cannot be ingrafted on the account of the administrator. Succession of Milmo, 47 La. Ann. 129, 16 South. 772.
5. The court charged the administrator with $87 as a penalty for failure to file annual accounts. The opponents contend that this item should be increased to $749.65, being 10 per cent, for five years on $1,499.35, total amount of cash received by the administrator.
The administrator should not have been mulcted with the penalty prescribed by Rev. Oiv. Code, art. 1150, because it is neither alleged nor proven that he was ordered to render an account and disobeyed the order. The alleged failure to render annual accounts is no ground for removal. Succession of Head, 28 La. Ann. 801.
Other grounds for removal were alleged, but cannot be urged except by direct action in the usual form. Code Prac. arts. 1017, 1018; Calhoun Case, 28 La. Ann. 324.
6. The judgment below reserved the rights of the opponents against the administrator for the noncollection of the policy of insurance for $5,000, and also reserved their rights *862 as to certain notes of Jos. Broussard held by Theogene Bertrand, and by him transferred to L. G. Dougherty, as collateral security for the payment of the price of four mules. These notes were not inventoried, but seem to have been delivered to the attorney who represented the administrator.
The trial judge was in doubt as to the collectibility of these notes, and therefore rendered a judgment of nonsuit as to this item. We concur in the ruling, and think it should be extended to the note of Calvert Andrus and Julian Yerret for $35 which appears on the first inventory, and does not seem to have been accounted for by the administrator. The appellants do not complain of the action of the court as to the policy.
7. While the evidence tends to show that some of the movables were purchased for the administrator by third persons, the full value of the same seems to be accounted for. No useful purpose would be served by annulling such petty transactions. Opponents complain of several other small items, but we are not satisfied that the judge erred in respect to them.
On this account, the administrator charges himself with two mules sold to L. G. Dougherty for $150 (price retained on account of vendor’s lien). The administrator testified that Dougherty purchased the mules at the probate sale. Dougherty testified that he was absent from the state at the time, but had instructed an agent to buy in the property, but that the latter forgot to attend the sale. There is no dispute as to the sale of the animals, but the administrator has failed to show that Dougherty purchased and retained the price. The animals were evidently sold to some other person, and the administrator should be charged with the price, which was equal to the appraised value of the property.
We see no good reasons to disturb the judgment below or other issues involving merely questions of fact and appreciation of the evidence.
It is -therefore ordered that the judgment below be reversed in so far as it decrees the dismissal of the administrator and tutor; and it is further ordered that said judgment be amended:
(a) By striking out the allowance of $100 in favor of O. E. Wooten.
(b) By dismissing the demand of the administrator for support of the opponents, as in ease of nonsuit.
(c) By striking out the charge of $87 for interest.
(d) By charging the administrator with $150 representing the price of two mules.
(e) And by reserving whatever rights the opponents may have against the administrator for the noncollection of the policy of insurance and the collateral notes mentioned in the judgment below, as well as the note of Calvert Andrus and Julien Verret for $35 and it is further ordered that said judgment as thus reversed in part, and as thus amended, be affirmed; costs of appeal to be paid by the appellee.