144 So. 505

Succession of SULLIVAN.

No. 31989.

Oct. 31, 1932.

See, also, 173 La. 647, 138 So. 431; (La. App.) 142 So. 619.

Shelby Taylor and A. B. Parker, both of Baton Rouge, for appellant.

W. A. Benton and Fred G. Benton, both of Baton Rouge, for appellee.

O'NIELL, C. J.

W. P. Sullivan, administrator of the succession of Miss Susan Sullivan, deceased, has appealed from a judgment probating what purports to be the last will of the deceased and confirming the appointment of the executrix named in the will. The instrument was discovered and offered for probate after the

administrator had been appointed and had qualified and entered upon the discharge of his duties. He and the other heirs of the deceased opposed the application for the probate of the instrument as the will of the deceased, contending that it was a forgery, and not in legal form. The heirs at law are many collateral relations, of whom the administrator is one.

The party named as universal legatee and executrix in the will has moved to dismiss the appeal, on the ground that the administrator has no authority to represent the heirs and that he did not prove or offer to prove that there were creditors of the succession.

■■■ The question whether the succession owed debts, requiring the appointment of an administrator, was foreclosed by the judgment or order appointing him, after due publication of the notice of his application to be appointed. The reports are full of decisions to the effect that an administrator's letters of administration are prima facie evidence of his authority, and of the validity and regularity of his appointment which cannot be questioned in a collateral proceeding. The same rule applies to an executor. Succession of Robertson, 49. La. Ann. 80, 21 So. 197. Where the heirs have not accepted the succession, an administrator may stand in judgment as the representative of all parties having an interest in the succession, and may appeal from an adverse judgment for the protection of the heirs as well as of the creditors of the succession. Vicksburg, Shreveport & Pacific Railroad Co. v. Tibbs, 112 La. 51, 36 So. 223.

The motion to dismiss the appeal is overruled.