**175 So. 670**

**Succession of PORCHE.**

Nos. 34382, 34383.

June 21, 1937.

Rehearing Denied July 8, 1937.

O'Niell & O'Niell and Aubin J. Daigle, all of New Orleans, for Mrs. Lelia Daigle Bonvillain and others.

Ernest J. Robin, of New Orleans, for Henry Daigle, Sr.

PONDER, Justice.

There are two appeals herein which have been consolidated. One appeal is from a judgment sustaining a plea of prescription to a suit brought by the appellants against the succession, and the other is from a judgment dismissing a rule to remove the executor from office.

This court held in the case of Succession of Esteves, 182 La. 717, 162 So. 576, that an action to remove an administrator must be commenced by petition and citation and be conducted in the form of an ordinary suit, stating therein:

"It is well settled that an action to remove an administrator is not a summary proceeding, but must be brought by ordinary suit. Code Prac. arts. 1013, 1017, 1018; Succession of Boyd, 12 La.Ann. 611; Succession of Guilbeau, 25 La.Ann. 474; Succession of Calhoun, 28 La.Ann. 323; Succession of Feray, 31 La.Ann. 727; Succession of Bertrand, 127 La. 857, 54 So. 127; State v. Tebault, 147 La. 889, 86 So. 320."

The judgment of the lower court dismissing the rule is correct.

The facts set out in plaintiffs' petition are as follows: Emile Daigle died on June 14, 1913, at Houma, La. leaving an estate composed of community property. Besides his widow several children survived him. The succession of Emile Daigle was opened in Terrebonne parish. His widow, Mrs. Annette Porche Daigle, was sent into possession as owner of an undivided half of the property and as usufruct of the other half. His children were sent into possession of the naked ownership of an undivided one-half of the property. On August 13, 1913, the children sold to their mother, Mrs. Annette Porche Daigle, their interest in all the property and effects of the business known as the Houma Iron & Machine Works. and two certain notes of H. S. Sutton for $2,500 each, in which deed Mrs. Daigle renounced her usufruct on the property and the notes that were excepted from

the sale. The deed recites: "And now the said Mrs. Annette Porche, widow as aforesaid, of the late Emile Daigle, Sr., does hereby specially waive, abandon and renounce, without reservation, her rights as usufructuary, accorded her by law, upon the two items (property of the Houma Iron and Machine Works and the Sutton notes) of the property hereinabove described and excepted." Mrs. Annette Porche Daigle died in the city of New Orleans, June 6, 1936, leaving a will in which Henry, P. Daigle, one of her children, was named executor of her will. This suit was brought by all the children of Mrs. Annette Daigle, except Henry P. Daigle, the executor, against the succession alleging that the estate is indebted unto them for money received by Mrs. Annette Porche Daigle for rents received from the Houma Iron and Machine Works since September 1, 1918 and ending July 1, 1932, in the sum of $6,790; that on January 1, 1919, Mrs. Annette Porche Daigle sold the machinery of the Houma Iron & Machine Works receiving for part of it $1,000; that the Sutton notes were reduced to judgment and on April 11, 1922, Mrs. Daigle sold the judgment for $1,500; that although half of the sums belonged to her children and grandchildren, Mrs. Daigle did not remit to them for any part thereof.

In the original petition a money judgment was prayed for against the succession for the shares of the different heirs, but before issue was joined a supplemental petition was filed praying for an account-

ing; that the executor be compelled to account to them for their share of the sum so collected by Mrs. Daigle and other sums collected by her.

Pleas of 1, 3, 5, and 10 years' prescription were filed by the executor, which were tried on the pleadings, no testimony having been introduced by either side. The lower court sustained the pleas of prescription and dismissed plaintiffs' suit. The reason the lower court gave for sustaining the pleas of prescription was that the suit for accounting was not coupled with a suit for partition and therefore the pleas were good. From this judgment the plaintiffs have appealed.

In the case of Vance v. Sentell, 178 La. 749, 152 So. 513, 515, the court states: "In the case of Davis v. Ruddock Orleans Cypress Co., 132 La. 985, 62 So. 114, and again in Satcher v. Radesich, 153 La. 468, 96 So. 35, 39, this court approved as a sound principle the following proposition of law:

"'The relations between a tenant in common, in the possession and sole enjoyment of the common property, and his cotenants, has been regarded as that of a principal and agent; hence such tenant is not protected by the statute of limitations from accounting with his cotenants for rents and profits. The statute does not begin to run in his favor until the relationship existing between the parties terminates, as upon partition, ouster, or demand and refusal to account. A. & E. Enc. of Law (2d Ed.) vol. 17, p. 696; 38 Cyc. pp. 36, 37, 100.'

"These cases hold in effect that the demand by one co-owner for an accounting by another who has enjoyed the whole property, for fruits and revenues received, though barred by prescription as an independent demand, continues as an incident to the demand for partition so long as the thing remains in common and community is acknowledged or proved. The same principle was announced in Sibley et al. v. Pierson et al., 125 La. 478, 51 So. 502."

It is true that it is the well-established jurisprudence of this state that in suits of partition an accounting is incidental to the partition and is not barred even though barred by prescription as an independent demand.

Under this doctrine the case will have to be treated as an independent demand, since the claim for an accounting is not incidental to a partition suit. Under the doctrine laid down in Vance v. Sentell, supra, citing and approving previous decisions of this court, the relation of principal and agent exists in this case. The prescription applicable herein would be the prescription of 10 years, which would not begin to run until demand was made.

In Succession of Copeland, 177 La. 127, 148 So. 3, 4, the court stated, "the only prescription against an action for a balance due upon accounting is the prescription of ten years, running from the time the accounting was demanded. No accounting was demanded herein until after the death of the widow, and that occurred within the last ten years. Wall v. Colbert, 36 La.Ann. 883."

In the case of Wall v. Colbert, supra, the court stated: "During the interval between the receipt of this money by Parham (1869) and the institution of this suit (1882), more than ten years elapsed. The defendant pleads prescription, and since ten years is the prescriptible period for actions such as this, Prudhomme v. Plauche, 27 La.Ann. 133, the plea would be good if the term began when the money was received. But it is otherwise. Prescription begins when a settlement has been demanded and refused, or at the termination of the agency, Southern Mut. Ins. Co. v. Pike, 32 La.Ann. 488; Id., 34 La.Ann. 825."

In the case of O'Neill v. Leinicke, 49 La.Ann. 3, 21 So. 113, 114, the court stated: "The defendant pleads the prescription of 10 years. It has no application to the facts in this case. The father was the custodian of the money for his daughter. The prescription could only commence to run from a demand for its return to the daughter, or from a settlement between them. He held the money as a fiduciary."

The pleas of prescription were tried on the pleadings, and there is nothing therein to show that any demand for any accounting or settlement was ever made, therefore prescription had not begun to run.

For the reasons assigned the judgment of the lower court dismissing the rule to remove the executor is affirmed at plaintiffs' cost.

For the reasons assigned, the judgment of the lower court sustaining the pleas of prescription is reversed, the pleas of prescription filed herein are overruled, and the case is remanded to the lower court for trial. Defendant to pay the cost of this proceeding, all other cost to await final disposition.

O'NIELL, C. J., recused.

On Application for Rehearing.

PER CURIAM.

On application for rehearing, our attention was called to the fact that there is an exception to the general rule that an action to remove an administrator must be brought by ordinary suit, under the provisions of articles 1150 and 1151 of the Revised Civil Code, which specially authorize any creditor or person interested to proceed by rule to compel an executor, administrator, curator, or syndic to file a statement of his accounts and bank books, and upon his failure to dismiss him from office.

While there is this exception, in the instant case, the administrator filed an answer and also filed an account and his bank books and upon trial the court dismissed the rule.

Upon reviewing the record, we find no error in the trial judge's ruling, and it would therefore serve no good purpose to grant a rehearing.

Rehearing refused.

O'NIELL, C. J., recused.