PONDER, Justice.
 

 The Succession of Jean Baptiste Boutte was duly opened and an inventory taken of the effects of the succession. On October 31, 1940, Stephen Paul Baudier, Jr., and Vernon J. Main after having given the required bond were appointed co-administrators of the succession. They have continued to act in that capacity since that day. On August 19, 1941, Whitney A. Coulon, Charles E. Escoffier and Clifford L. Otis alleging themselves to be heirs of the decedent sought by way of rule or summary process to have the appointment of the co-administrators recalled and their office declared vacated on the grounds that the succession owes no debts and owns no property. A rule was issued ordering the co-administrators to show cause why their appointment should not be recalled and their offices vacated. The administrators applied to this Court for the writs of mandamus, prohibition and certiorari which were granted. The matter is now submitted for our determination.
 

 The, sole question presented is whether or not the appointment of the co-administrators can be set aside and their office vacated by summary proceedings.
 

 In this case there has been no judgment rendered sending any heirs in possession of the estate of the deceased. In fact there has been no application made in this respect.
 

 The respondents, the plaintiffs in rule, cite Succession of Preston v. Brady et al., 125 La. 535, 51 So. 579, to the effect that an administrator of a succession which owes no debts has no right to bring a petitory action to recover real estate where there are present in the parish heirs who have accepted the succession. The answer ■ to this is twofold: First, there is no petitory action instituted by the co-administrators ; and Second, the succession has not been accepted by the heirs of the decedent. Counsel cites the Succession of Walker, 32 La.Ann. 321, to the effect that the appointment of an administrator is inoperative where there are neither debts or legacies to pay in a testate succession. Neither of the cases cited are applicable to the one here presented. Neither of the cases is authority that the appointment of an administrator may be revoked and his office vacated by way of summary process.
 

 
 *93
 
 It is well settled that an administrator’s letters of administration are prima facie evidence of his authority and of the validity and regularity of his appointment which cannot be questioned in a' collateral proceeding, Succession of Sullivan, 175 La. 813, 144 So. 505. It is equally well settled that an action to remove an administrator cannot be maintained by summary proceedings but must be brought by ordinary suit. Succession of Esteves, 182 La. 717, 162 So. 576; Succession of Berdennagel et al., 183 La. 398, 163 So. 843; Succession of Porche, 187 La. 1069, 175 So. 670.
 

 For the reasons assigned the rule is made absolute. The respondent judge of the Twenty-fourth Judicial District Court is prohibited from proceeding summarily under the petition of respondents, 'plaintiffs in rule, to have the appointment of the relators recalled and their office declared vacated.