14 So.2d 785

Succession of LANATA.

No. 37112.

June 21, 1943.

McCloskey & Benedict, of New Orleans, for relator.

Clarence Dowling, of New Orleans, for respondent.

Ed. J. De Verges, of New Orleans, for Mrs. Emma Lanata Hermann.

HIGGINS, Justice.

The issue presented in this proceeding is whether the testamentary executor or the administrator, pro tempore and ad interim, is legally entitled to administer the

estate of the deceased, the validity of whose will is contested by his sister on the ground that he had been interdicted by a judgment of court at the time he executed the testament in nuncupative form by public act.

The trial judge ruled in favor of the executor, and the administrator applied to this Court, under its supervisory powers, for writs of mandamus, certiorari and prohibition. We granted the writs and the matter is now before us for consideration.

The records show that John Sidney Lanata, the deceased, was eleven years of age when his father died, leaving him an estate in excess of $100,000; that he was placed in the care of and his estate administered by Edwin (Edward) L. Fernandez, his tutor and brother-in-law, with whom he resided; that upon reaching the age of majority and not having shown any initiative or ability to administer his affairs, his tutor suggested that he permit himself to be interdicted, in order to preserve his estate; that his sister, Mrs. Emma Lanata Hermann, and his brother, Antonio Lanata, thereafter petitioned the court for his interdiction, alleging that "owing to infirmities" he was incapable of caring for his person, or administering his estate; that the lay and medical testimony showed that, while he was perfectly sane, he was incompetent to manage his estate, because of lack of ambition, training and experience, and his indifference to matters pertaining to business; that by judgment of court, on February 8, 1904, he was interdicted and the Hibernia Bank & Trust Company (now the Hibernia National Bank) was appointed as his curator, to administer his estate; that thereafter he received $350 a month, the income of his estate, from his curator; that he lived with Mrs. Edmee Fernandez Otis and her husband, Sidney L. Otis, during the last twenty-five years of his life; that in May, 1942, the deceased consulted an attorney about making a will, and on August 15, 1942, he executed a nuncupative will by public act, bequeathing to Mrs. Otis, $50,000, to his sister, Mrs. Emma Lanata Hermann, $30,000, and to the children of a deceased sister, $20,000, to Loyola University, $10,000, to St. Leo the Great Church, $500, and to the Charity Hospital, the residue of his estate; that on August 17, 1942, he instituted proceedings to have the judgment of interdiction removed; and that he died on December 19, 1942, before the matter could be heard. He had never been married and left neither ascendants nor descendants, his nearest relative being his sister, Mrs. Emma Lanata Hermann.

On December 21, 1942, Sidney L. Otis, named in the will as testamentary executor, filed a petition in the Civil District Court for the Parish of Orleans, the same court in which the deceased had been interdicted, praying that he be recognized and confirmed as the testamentary executor of the deceased's estate, and an order of court was granted accordingly. He then qualified and proceeded to administer the estate.

On December 24, 1942, Mrs. Emma Lanata Hermann filed suit to have the testament of her brother annulled and set aside, alleging that at the time of its execution,

he was under a judgment of interdiction and, therefore, legally incapable of making a will. She also obtained a temporary restraining order against the executor proceeding further, but it was subsequently modified by the court to permit the taking of an inventory. By consent of the parties, the matter was fixed for trial on both the application for a preliminary injunction and on the merits, on February 15, 1943. During the trial of the case, the attorneys for Mrs. Hermann introduced, in evidence, only the judgment of interdiction and thereafter rested. Thereupon, counsel for the executor filed exceptions of no right or cause of action on the ground that the judgment of interdiction was predicated upon "infirmities" and not insanity and, therefore, the deceased had the legal capacity to execute a valid will.

On February 16, 1943, the district judge, having taken the exceptions under advisement on his own motion and without any request being made therefor, entered an ex parte order stating that, whereas it appeared that there would be extended litigation over the validity of the will, it would be necessary to appoint an administrator pro tempore and ad interim to administer the estate and named the Hibernia National Bank as such. He also revoked and annulled his order of December 21, 1942, confirming Sidney L. Otis as executor of the estate, without prejudice to his rights. The bank qualified under the order of the court. Later, the judge maintained the exception of no cause of action, reserving to Mrs. Hermann the right to amend her petition, if she chose to do so, in order to allege and prove, if possible, that the deceased was of unsound mind at the time he executed the will. She declined to do so and elected to rely solely and only on the judgment of interdiction to annul the will. Having failed to amend the petition within the period of time allowed, the district judge, on March 29, 1943, rendered judgment maintaining the exception of no cause of action and dismissing Mrs. Hermann's suit.

On April 1, 1943, Sidney L. Otis presented a motion to the court asking for the revocation of the order appointing the Hibernia National Bank as administrator pro tempore and ad interim and for his reinstatement as testamentary executor. On April 2, 1943, the judge signed the judgment dismissing the suit but withheld action on the Otis motion, in order to afford Mrs. Hermann an opportunity to oppose it, and, she having failed to show any legal reason for not granting it, he signed the order on April 5, 1943. On the same day, Mrs. Hermann applied for and obtained a suspensive appeal from the judgment dismissing her suit, which appeal was made returnable to this Court on May 31, 1943. The Hibernia National Bank, upon being presented with the letters of executorship by Otis, delivered all of the assets of the estate to him and he is now in possession of them.

On April 6, 1943, the bank filed a rule against Otis to show cause why he should not be removed as testamentary executor. The rule was tried on April 9, 1943, and was dismissed by the court. The bank then

applied to this Court to have this ruling or judgment reviewed.

Counsel for the bank contend that the court was without jurisdiction on April 5, 1943, to sign the order reinstating Otis as the testamentary executor of the decedent's estate, because Mrs. Hermann had, on the same day, applied for and had been granted a suspensive appeal from the judgment dismissing her suit; and that the bank having qualified as administrator pro tempore and ad interim, under the judge's order dated February 16, 1943, could not be removed as administrator except in an ordinary suit. The attorneys for the executor counter by stating that he had been qualified under the order of the court confirming him as testamentary executor on December 21, 1942, and, therefore, the ex parte and unapplied for or ex proprio motu order of the judge of February 16, 1943, revoking his confirmation as executor and appointing the bank as administrator pro tempore and ad interim was illegal, null and void, because the only way he could be removed as executor was through an ordinary suit; and that as the executor had been confirmed by the court several months before the suspensive appeal was granted, the court had jurisdiction at that time to legally issue the order recognizing and confirming Otis as testamentary executor under the will.

It is clear that the court had jurisdiction of the case at the time the judge issued the order recognizing and confirming Otis as the testamentary executor under the will and that upon qualifying, letters of executorship were properly issued to him.

Having thus been legally confirmed as executor, he could not be removed except by the method provided by law.

In the Succession of Esteves, 182 La. 717, 162 So. 576, it was held that an action to remove an administrator must be commenced by petition and citation and must be conducted in the form of an ordinary suit, the Court stating:

"It is well settled that an action to remove an administrator is not a summary proceeding, but must be brought by ordinary suit. Code Prac. art. 1013, 1017, 1018; Succession of Boyd, 12 La.Ann. 611; Succession of Guilbeau, 25 La.Ann. 474; Succession of Calhoun, 28 La.Ann. 323; Succession of Feray, 31 La.Ann. 727; Succession of Bertrand, 127 La. 857, 54 So. 127; State v. Tebault, 147 La. 889, 86 So. 320."

In the Succession of Boutte, In re Baudier et al., 199 La. 182, 5 So.2d 543, 544, parties alleging themselves to be heirs sought by rule or summary process to have the appointment of the administrators recalled and vacated. The judge issued the rule ordering the administrators to show cause and they applied to this Court for writs under its supervisory powers. In rendering judgment prohibiting the respondent judge from proceeding summarily with the matter, we stated:

"It is well settled that an administrator's letters of administration are prima facie evidence of his authority and of the validity and regularity of his appointment which cannot be questioned in a collateral proceeding, Succession of Sullivan, 175 La.

813, 144 So. 505. It is equally well settled that an action to remove an administrator cannot be maintained by summary proceedings but must be brought by ordinary suit. Succession of Estevés, 182 La. 717, 162 So. 576; Succession of Berdennagel et al., 183 La. 398, 163 So. 843; Succession of Porche, 187 La. 1069, 175 So. 670."

We see no reason why the above rule should not be applied in cases for the removal of executors. Of course, the suit attacking the will is by petition and citation and if the testament is annulled, the executor's appointment thereunder and his confirmation by the court would likewise fall. In the instant case, the will has not been annulled. On the contrary, the district court upheld its validity. The suspensive appeal from that judgment did not affect the legality of the will nor the appointment and confirmation of the executor.

In view of the foregoing facts and authorities, it is our opinion that the executor was not legally removed by the trial judge's ex parte order of February 16, 1943, and the same order appointing the bank as administrator pro tempore and ad interim to administer the estate in the place of the executor was without legal effect. Therefore, the ruling or judgment of the trial court in refusing to recognize the administrator is correct.

For the reasons assigned, the writs herein issued are recalled and set aside and the relator's application for relief is denied; the relator to pay all costs of this Court.