15 So.2d 813

## Succession of LOMBARDO.

No. 37218.

Nov. 8, 1943.

Arthur J. O'Keefe, Jr., and Leo L. Dubourg, both of New Orleans, for relatrix.

Weiss & Weiss, of New Orleans, for respondents.

HIGGINS, Justice.

The plaintiffs in rule, alleging themselves to be creditors of the Succession of Raymond Lombardo, seek to have the testamentary executrix dismissed on the grounds that she failed to open an account in a bank in her capacity as executrix and deposit the succession funds therein, that she converted certain money to her own use, and failed to file an account.

The defenses are (1) that the executrix cannot be removed in a summary proceeding; (2) that the plaintiffs in rule are not creditors of the estate; and (3) that after the rule was filed against the executrix, she was prevented from opening the bank account and depositing the funds in her name as executrix and filing an account, because the bank box in which the succession funds and records were kept was sealed by order of court.

The exceptions of the respondent in rule and her objections to the introduction of

any evidence until it was proved, in a regular suit with petition and citation, that the movers were creditors, were overruled. After a trial on the merits, the district judge rendered judgment holding that the movers had sufficiently shown that they were creditors of the succession, the amount of their claim to be determined by the court at a future date, and ordering the removal of the executrix, with a penalty of 20% on such amounts as had been improperly handled, this sum also to be determined in a future proceeding. The executrix then applied to this Court ·under its supervisory jurisdiction ·for writs of certiorari, prohibition, and mandamus, which were granted with a rule to show cause. On the return day, the respondent judge and the plaintiffs in rule answered maintaining that the proper procedure to be followed in such matters was by rule and that the judgment dismissing her as the executrix was correct under the law and the evidence.

Raymond Lombardo died on January 2, 1942, leaving a nuncupative will by public act in which he named the relatrix, his niece, as testamentary executrix and universal legatee of his estate. The will was ordered registered and executed by the court and the relatrix was confirmed as the testamentary executrix and letters as such were issued to her. Subsequently, other collateral relatives of the deceased, as proponents of a second will, sought to have it recognized as the last will and testament of the deceased. The relatrix was again named as testamentary executrix therein, but one-half of the property

bequeathed to her under the first will, as universal legatee, was bequeathed to the collateral relatives under the provisions of the second will. The relatrix attacked the validity of the second will on various grounds and after a hearing on the merits there was judgment recognizing the second will as valid and ordering its registry and execution. The relatrix thereupon appealed from the judgment and the case is now pending in this Court. In the meantime, the summary proceeding by the alleged creditors was brought against the executrix asking for her removal.

In the Succession of Esteves, 182 La. 717, 162 So. 576, this Court stated:

"It is well settled that an action to remove an administrator is not a summary proceeding, but must be brought by ordinary suit. Code Prac. arts. 1013, 1017, 1018; Succession of Boyd, 12 La.Ann. 611; Succession of Guilbeau, 25 La.Ann. 474; Succession of Calhoun, 28 La.Ann. 323; Succession of Feray, 31 La.Ann. 727; Succession of Bertrand, 127 La. 857, 54 So. 127; State v. Tebault, 147 La. 889, 86 So. 320.

"An action to remove an administrator must be commenced by petition and citation, and be conducted in the form of an ordinary suit, notwithstanding the answers in this case of respondents to the rule nisi that, if the relief prayed for by relator be granted, it will lie within the power of the administrator to dispose of and squander the remaining assets of decedent's estate.

"It is not within the power of this court to change an ordinary suit to a summary

proceeding, in direct violation of the articles of the Code of Practice and of the repeated decisions of this court maintaining procedure under these articles. Relator is entitled to the full protection of the law, although his fairness and faithfulness as administrator are at issue."

See also Succession of Boutte, 199 La. 182, 5 So.2d 543.

In the Succession of Pôrche, 187 La. 1069, 175 So. 670, the above rule was followed, but the Court, on rehearing, observed that there was an exception thereto as set forth in Articles 1150 and 1151 of the Revised Civil Code. This exception was also recognized by the Court in the Succession of Townsend, 37 La.Ann. 405 and Succession of Glover, 43 La.Ann. 458, 9 So. 97.

The attorneys for the executrix contend that the movers were not entitled to proceed under Article 1151 of the Revised Civil Code because their claim was neither liquidated nor acknowledged and its validity was denied and, therefore, under the express provisions of Article 986 of the Code of Practice, as amended, it was necessary for the alleged creditors to proceed in an ordinary manner or by way of opposition to an account, in order to assert their alleged rights.

Article 1151 of the Revised Civil Code limits the benefits of its provisions to "any creditor or other person interested" and Article 986 of the Code of Practice, as amended, requires a creditor asserting an unliquidated, unacknowledged and disapproved claim to proceed "in the ordinary

manner" against the executor or administrator or by way of opposition to the account filed by him.

In the instant case, the evidence shows that the movers were employed under a written contract by the relatrix in their capacity as attorneys-at-law to contest the validity of the second will and she agreed to pay them a fee of $1,000 and an additional contingent fee of 25% of whatever amount would be recovered by them. She testified that the attorneys had several conferences with her, but each time gave as an excuse for not having filed proceedings to set aside the will that they were busily engaged in other matters and had been unable to confer with the attorneys representing the collateral heirs, who were legatees under the second will. It was after these delays that she notified them in writing that their services were no longer required and refused to pay them any fee, having engaged other attorneys. One of the movers testified that he had had innumerable conferences with his client and was preparing to go forward when she exercised her right to dispense with his services and therefore he was entitled to recover a fee on a quantum meruit basis, although he was claiming $1,000. The trial judge, while recognizing the movers as creditors of the estate, did not fix the amount of their claim or fee but left it for future determination.

Article 986 of the Code of Practice, as amended by Act No. 283 of 1940, reads as follows:

"If the *claim be not liquidated,* or if the curator or *testamentary executor* or ad-

ministrator has *any objection to it,* and consequently *refuses to approve it, the bearer of the evidence of such claim, whatever may be its amount,* may bring his *action against* the curator or *testamentary executor* or administrator *in the ordinary manner,* or by way of opposition to the account filed in the said succession proceedings by the curator or administrator." (Italics ours.)

See also Articles 984 and 985 of the Code of Practice.

█ From the above statement of facts, it is quite evident that the claim of the movers is unliquidated and unacknowledged and that the executrix refused to recognize or approve it and, therefore, movers' action against the executrix under the express provisions of the above articles, as amended, should have been in an ordinary manner or by way of opposition to her account. Succession of Ott, 182 La. 850, 162 So. 642; Robertson v. Cambon, 176 La. 753, 146 So. 738; see also Succession of Rabb, La.App., Orleans Parish, 193 So. 268, and authorities therein cited.

█ It is well settled that in the event there is any conflict between the articles of the Civil Code and those of the Code of Practice, the latter shall prevail. Item Co. v. Nu-Grape Bottling Co., Inc., 160 La. 975, 107 So. 770; Blanchard et al. v. Naquin, etc., 116 La. 806, 41 So. 99; and Richardson v. Richardson, 38 La.Ann. 639.

The relatrix in her testimony admitted that she did not open a bank account in her official capacity and deposit the succession funds therein and file an account.

She states that she was advised by an attorney and business men with whom she consulted that, since she was the executrix and the universal legatee of her uncle's estate, she had a right to the custody and possession of the assets of the succession. It appears that the deceased had a bank box in the Whitney National Bank and upon the suggestion of the representative of the bank this box was transferred into her name, individually, but not as executrix. She made the uncontradicted statement that while the deposits in the checking and savings accounts of the deceased, as well as the coupons from certain bonds, were converted into cash and placed in the bank box of the Whitney National Bank and some of them also placed in the joint bank box of the executrix and her husband in Slidell, La., nevertheless all of the funds were intact except the amount that she, without court order, paid out for taxes on a piece of real estate in the City of New Orleans. She admits that she spent $2,100 of certain cash drawn from the Whitney National Bank account belonging to the deceased for certain jewelry that she purchased for herself in New Orleans but thereafter immediately replaced this money from the sum of $3,500 that her husband had previously given her, and that she took this action because she was under the impression from the advice she received that she had a right to do so, and that it was more convenient for her to use that money at the time, because her personal funds were in the bank at Slidell, La.

The relatrix's bank box at the Whitney National Bank was sealed in connection

with these proceedings and, therefore, after the rule was instituted against her and she was advised by her present counsel to open an account in her name as executrix of the succession and place the succession funds therein and to get the records in order that they might file an account, she was unable to do so, because the money and the records were in the sealed bank box. She stated that she is ready and willing to open the proper bank account and to render an account, if afforded an opportunity to do so.

In the Succession of Bertrand et ux., 127 La. 857, 54 So. 127, 128, the heirs opposed the administrator's account in certain specific respects and asked for his removal for certain acts of maladministration and failure to render previous annual accounts. There was judgment in the district court amending the account in a number of particulars and removing the administrator. The opponents appealed and the administrator answered the appeal asking that the judgment be annulled insofar as it dismissed him from office and amended so as to homologate the account as rendered. The judgment of dismissal of the administrator was annulled and set aside, the Court stating:

"The administrator should not have been mulcted with the penalty prescribed by Rev.Civ.Code, art. 1150, because it is neither alleged nor proven that he was ordered to render an account and disobeyed the order. The alleged failure to render annual accounts is no ground for removal. Succession of Head, 28 La.Ann. [800], 801.

"Other grounds for removal were alleged, but cannot be urged except by direct action in the usual form. Code Prac. arts. 1017, 1018; Calhoun case, 28 La.Ann. [323], 324."

In the above case, the Court required the administrator to pay for certain property converted to his own use and charged him with the expenditure of money that was not authorized and unnecessarily spent for attorneys' fees where the estate did not benefit therefrom.

In the instant case, the court had not previously ordered the executrix to deposit the money in the bank in her name as executrix and to file an account. It was the order of court sealing the bank box that prevented her from depositing the succession's funds in the bank and rendering an account, after she was instructed by her present attorneys to do so, when movers filed the rule to have her dismissed from office. While the executrix has not complied with the law, her uncontradicted testimony shows that all of the funds and assets of the succession are intact and that she is ready and willing to open a proper bank account and to render an account of her administration. Under these circumstances, it is our opinion that the trial judge erroneously removed her as executrix.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court is annulled and set aside and that the rule against the relatrix is dismissed; the costs of this court to be

439

borne by the plaintiffs in rule and the costs of the district court to be paid by the succession.