O’NIELL, Chief Justice.
 

 The appellant is suing to be appointed curator of his father, who was adjudged insane and was interdicted by a judgment rendered about thirty years ago. The wife of the interdict then was appointed curatrix and a man named Julo Domengeaux was appointed undercurator. They are the defendants in this proceeding. It was brought by way of a rule to show cause why the curatorship should not be declared vacant and why the plaintiff should not be appointed curator. He averred in his petition that the curatrix was divorced from his father by a judgment dated July 14, 1923, and that thereafter she married one William Thomas Dent, without having furnished a bond for the faithful performance of her duties as curatrix of the interdict. It is conceded by the plaintiff that the curatrix by reason of her being the wife of the interdict, was (by the terms of article 413 of the Civil Code) exempt from the obligation to give
 
 *907
 
 the bond which the law generally requires of a curator of an interdict. The plaintiff contends that when the curatrix ceased to be the wife of the interdict she forfeited her exemption from the obligation to give bond as curatrix, and that by her failure to give the bond the curatorship became vacant. The rule to show cause was made returnable on the 7th day after the suit was filed, and on the 4th day after service of the petition and order to show cause.
 

 The curatrix and the undercurator filed three exceptions to the proceeding, namely, (1) that the plaintiff was without legal authority or capacity to bring the suit; (2) that such a -suit should be brought not by the summary process but by the ordinary process, allowing the delays granted by law; and (3) that the plaintiff had no right of action or cause of action. The defendants were compelled by the rules of procedure to file an answer to the proceeding at the same time when they filed their exceptions. In their answer they admitted that the plaintiff is a son of the interdict, that they were appointed curatrix and undercurator of the interdict, respectively, about thirty years ago, and that they then qualified and entered upon the discharge of their duties, which they continued to perform, as curatrix and undercurator, respectively; they admitted that the curatrix became divorced from the interdict by a judgment dated July 14, 1923, but denied that she had remarried. There is no explanation in the pleadings or briefs as to how a judgment of divorce was obtained during the insanity or interdiction of the husband. But, in deciding whether the defendants’ exceptions to this proceeding are well founded, we assume to be true the judicial declaration of the parties that a judgment of divorce was rendered on July 14, 1923. The plea that the plaintiff was without legal authority to bring the suit to declare the curatorship vacant, and the exception of no right of action, are founded upon the same proposition; that is, that, according to article 409 of the Civil Code, no one except the undercurator has the right to sue to declare a curatorship vacant and to have another curator appointed, unless a demand for the institution of the suit is made first upon the undercurator, and is without avail, and that even the undercurator has no right to bring such a suit without a special order of court. The judge maintained the exception of want of authority or capacity of the plaintiff to bring the suit, and the exception to the plaintiff’s resorting to the summary process, or rule to show cause, instead of bringing an ordinary suit to remove the curatrix or to have the curatorship declared vacant.
 

 All that the wife of the interdict'' had to do to qualify for the curatorship at the time when she was appointed and took charge of the estate as curatrix was to take an oath to faithfully fulfill her trust. Rev.Civ.Code, arts. 334, 405, 415. The wife of an interdict is not required to give a bond, as curatrix, — “not bound to give security.” Rev.Civ.Code, art. 413. If thereafter she becomes subject to the law requiring tutors and curators generally to give security for the faithful fulfillment of their trust, and if by her failure to give the security she forfeits her right to the curator-
 
 *909
 
 ship, it becomes the duty of the undercurator to institute the necessary proceeding to remove the curatrix, or to have the curator-ship declared vacant, and to have another curator appointed. Rev. Civ. Code, art. 409. No one else has the right to institute such a proceeding without having made demand upon the undercurator to institute the suit; and even the undercurator has no right to bring such a suit without being specially authorized by .the judge to institute the proceeding. Code of Prac. art. 1015, 1016; Bird’s Heirs v. Black, 10 La. 82; McGuire v. Ross, 12 La. 575; Welch v. Baxter, 45 La.Ann. 1062, 13 So. 629; Barbin v. Schwartzenberg, 110 La. 467, 34 So. 606; State ex rel. Conery v. St. Paul, Judge, 110 La. 995, 35 So. 261. Our conclusion therefore is that the defendants’ exception that the plaintiff was without authority to institute this proceeding is well founded.
 

 The exception to the plaintiff’s resorting to the summary process instead of the ordinary process is also well taken. A suit to remove a tutor or curator must be brought not by the summary process, or rule to show cause, but by the ordinary process,' — by citation and allowance of the delays for answering an ordinary suit. Code of Prac. art. 1017: Succession of Boyd, 12 La.Ann. 611; Succession of Guilbeau, 25 La. Ann. 474; Succession of Calhoun, 28 La. Ann. 323; Succession of Bertrand, 127 La. 857, 54 So. 127; Succession of Desina, 135 La. 402, 65 So. 556; State ex rel. Harper v. Tebault, 147 La. 889, 86 So. 320; Succession of Esteves, 182 La. 717, 162 So. 576; Succession of -Berdennagel, 183 La. 398, 163 So. 843; Succession of Porche, 187 La. 1069, 175 So. 670; Succession of Lanata, 203 La. 981, 14 So.2d 785; Succession of Lombardo, 204 La. 429, 15 So. 2d 813.
 

 The appellant cites the decision in Matthews v. Olla State Bank et al., 164 La. 463, 114 So. 98, as maintaining that if a tutor moves away from the jurisdiction of the court and establishes a domicile elsewhere he thereby forfeits the tutorship and a judgment removing him is not necessary. All that was decided in that case was that where the tutor of certain minor children moved to another state and acquired a domicile there it was necessary to appoint a curator ad hoc
 
 to represent the minor children
 
 in a suit brought against them in this state, and that the appointment of a curator ad hoc
 
 to represent the absent tutor
 
 did not serve the purpose of bringing the minor children into court to defend the suit. In that case the court was not dealing with the appointment of another tutor to represent the minor children because of the removal of their tutor from the jurisdiction of the court, but was dealing with the question whether a curator ad hoc, to represent the minor children in their defense of the lawsuit, should have been appointed to represent
 
 them
 
 or should have been appointed to respresent
 
 their
 
 tutor, who had acquired a domicile in another state.
 

 The appellant cites also the Succession of Le Blanc, 165 La. 935, 116 So. 389, to support his argument that when the curatrix became divorced from the interdict the curatorship became vacant, ipso facto, and hence there was no necessity for a suit to remove the curatrix. But tha;
 
 *911
 
 decision does not conflict with the doctrine that where a tutor or curator becomes disqualified it is necessary to bring a direct action to remove him before a successor can be appointed legally to represent his ward or wards. What was held in the Succession of Le Blanc was that where a widow, who had been confirmed as the natural tutrix of her children, remarried without having a family meeting called to retain her in the tutorship of her children, she forfeited the tutorship, and was not reinstated, by effect of the subsequent passage of Act No. 34 of the Extra Session of 1921, —assuming that the statute would have prevented the forfeiture if the statute had been enacted before 'the widow remarried. Hence it was said that a reappointment of the widow as tutrix of her children was necessary to reinvest her with the tutorship. The distinguishing feature of that case is that article 254 of the Civil Code, in terms, declares that the tutorship is forfeited, ipso facto, if a widow, who is the natural tutrix of her minor child or children, remarries without having the judge call a family meeting to decide whether she shall retain the tutorship. Act No. 34 of the Extra Session of 1921, according to its title, conferred upon women the same rights, authority, privileges and immunities that men possess, and imposed upon women the same obligations that men are required to perform, in their election or appointment to office, and in the holding of office, civil and political. In the act itself it is declared:
 

 “That women are hereby given the same rights, authority, privileges, and immunities, and are required to perform the same obligations and duties, under the law, as men possess and are required to perform, in the holding of office including the civil functions of tutor, undertutor, administrator, executor, arbitrator, notary public, and member of family meeting.”
 

 Whether the provisions of this statute are applicable to a curatrix of an interdict, as well as to the functionaries mentioned in the statute, is a matter of no importance here. According to the title as well as the text of the act it has reference to the civil and political rights, authority, privileges, immunities, obligations and duties of women generally. It has no special reference to married women, nor reference at all to the conjugal relation, or the reciprocal rights and duties of husband and wife. Hence the statute is not susceptible of such an interpretation as to repeal or abolish the provision in article 413 of the Civil Code that when a married man is interdicted for insanity and his wife is appointed as his curatrix “She is not bound to give security.” In the second section of the statute it is provided that the courts shall construe the laws on the subject so that when the masculine gender is used it shall include the feminine gender; but the lawmaker — very wisely — does not require that the courts shall construe the laws so that when the feminine gender is used it shall include the masculine gender.
 

 If the curatrix in this instance did, for any cause, forfeit or lose her exemption from the requirement to give bond as curatrix, the case is not an exception to the rule that a direct action, by the ordi
 
 *913
 
 nary process, is necessary to remove a tutor or curator, or to declare the tutorship or curatorship vacant, if the tutor or curator has forfeited his right to the tutorship or curatorship after having been legally appointed to and actually invested with the tutorship or curatorship, as the case may be.
 

 The judgment is affirmed.