WILLIAMS, Judge.
This is an appeal from a decision of the trial court requiring appellant, Cecile Bres-sler Tolmas, to render an annual accounting as administratrix of her husband’s succession.
Charles Tolmas died fifteen years ago. His wife was appointed administratrix of the succession. She is also the usufructuary of the succession. No annual accountings have been filed since the succession was opened. A rule to show cause why the administratrix should not be removed, ordered to render an accounting and why a new administratrix should not be appointed was filed by Cheryl Horton Kolb an heir to the succession. After a hearing, the trial court ordered the administratrix to file an accounting as required by Article 3331 of the Louisiana Code of Civil Procedure. It is from this order that Mrs. Tolmas now appeals.
The single issue before us is whether an administratrix’s duty to file an annual accounting is abrogated simply by virtue of her being a usufructuary who is not required to do so.
Article 3331 of the Louisiana Code of Civil Procedure requires that:
“[A] succession representative shall file an account annually and at any other time when ordered by the court on its own motion or on the application of any interested person.”
A usufructuary, however, has a less stringent duty to account. He or she must render an accounting only at the termination of the usufruct. See Succession of Grubbs, 182 So.2d 203 (La.App.2d Cir.1965).
Appellant argues that because procedural law is subordinate to substantive law, the requirement that an administratrix render an accounting should not be imposed on a usufructuary. It is our understanding, however, that this rule of statutory construction is applicable only when there is a conflict between the provisions. Succession of Lombardo, 204 La. 429, 15 So.2d 813 (1943). In the case now before us, there is no such conflict. Reading the provisions in pari materia, we find that because Mrs. Tolmas has chosen to accept two positions in her husband’s succession, she must comply with the duties required by both. Cf. Bates v. Garrett Marine Supply, Inc., 368 So.2d 1171, 1173 (La.App.3d Cir.1979). (laws should be construed together to give meaning to all provisions if possible).
We note that our decision is consistent with the strong public policy considerations holding people in fiduciary positions to high standards, which includes accounting to those whom the fiduciaries represent.
For these reasons, the decision of the trial court ordering Mrs. Tolmas to render an accounting within 30 days is affirmed.
AFFIRMED.